16508.   BOLTON *v.* COLUMBIA CASUALTY COMPANY.

In all claims for compensation for hernia resulting from injury by accident, arising out of and in the course of the employment, it must be definitely proved, among other things, that there was an injury resulting in the hernia. The statements of the employee in this case, tending to show that he had suffered an injury and that the injury resulted in hernia, having been made some time after the alleged injury, and being merely narrative and descriptive of something which had fully taken place and become a thing of the past, had no probative value in establishing the fact that he was injured, and the industrial commission properly held that such statements or declarations were hearsay and no part of the res gestæ. There being no other evidence to prove that the employee was injured, it did not appear that his hernia, though proved to exist, was the result of an injury. The industrial commission did not err in refusing the claim, and the superior court properly denied the appeal.

DECIDED NOVEMBER 19, 1925.

Appeal; from Chatham superior court—Judge Meldrim. April 6, 1925.

Earl C. Bolton was an employee of I. Epstein & Brother Company of Savannah. On Saturday night, October 6, 1923, he became ill, and on the following day he underwent an operation. He subsequently died, and his mother, Mrs. Blanche C. Bolton, filed with the industrial commission a claim against his employer, for compensation and for the recovery of funeral, hospital, and medical expenses, under the workmen's compensation act. Her contention was that he had suffered a hernia, and that it arose out of and in the course of his employment, and that his death was the result thereof. The claim was refused, and an appeal was taken to the superior court. The appeal was denied, and the claimant excepted. There was ample evidence by the physicians to show that the employee had hernia, and that it was of "very recent" origin. The case turns upon the question whether there was sufficient evidence to show that it arose out of and in the course of the employment. There was proof that the employee's duties required him to place bolts of cloth on a table,

for inspection by his employer's customers; that the bolts weighed from eight to twelve pounds; and that it was not unusual for him to lift as many as four bolts at a time and to carry them a distance of thirty feet. It was also shown that he was at his work on the day on which, it was alleged, the injury occurred. Mr. J. P. Collins, the employee's immediate superior, testified that the decedent, while going to his home in company with Mr. Collins, at the conclusion of the day's work, complained to him of a tight feeling in his groin, and associated it with the lifting of the bolts of cloth during the day. But this witness further testified: "All the time he was lifting the serge and putting it in the rack he didn't say anything to me about having a pain or suffering in any way." There was no evidence as to the employee's having suffered any accident, unless in the declarations made by him as referred to herein. The testimony of the employee's parents was to the effect that he was unable to sleep that night, and a physician, Dr. Jones, was called to see him about three o'clock a. m. At that time he was suffering pain and gave Dr. Jones the history of his case. The evidence showed that he did not have hernia on April 25, 1921, when he was examined by members of the medical corps of the national guard, and his parents testified that he had never complained of any such trouble prior to the particular occasion in question. Dr. Jones testified as follows: "I was called about three o'clock in the morning. The man was suffering with pain in the right inguinal region, and from the history of the case he told me on Saturday afternoon he was lifting some pieces of cloth for I. Epstein & Company, and that on picking up, I think he said three bolts of serge cloth, he felt a spart [sharp?] pain in the right side, low down. He carried the cloth on and put it down, and the pain still continued, and he immediately went back in some place and examined himself, and noticed a protrusion down in the right inguinal region. I think he said he got a suspensory and placed it on and worked on till closing time, and went home, and the pain continued and gradually got worse. He could not sleep, and he called me about three o'clock, and when I saw him he had this protrusion on the right side, and was suffering quite a bit. No temperature, pulse was about something about 80 or possibly 86. On examination the hernia was somewhat hard to reduce, and he was suffering quite a little pain, and I found it was

necessary for an operation right away. The man did not say whether he had told them about it at the time or not. . . The patient told me this himself, and said it happened that Saturday afternoon." The following statements are made by the industrial commission in the report of its findings of fact: "Mr. Bolton [the employee] stated to Mr. Collins late on Saturday afternoon that he had a tight feeling in the groin. He did not complain of any injury, and no report was made, or nothing was said of the injury. . . The only other evidence that we have of any injury is the hearsay testimony of the attending physician, who narrates how the accident occurred, in the language of the claimant [meaning the employee]." "We have no record of an accident. The only testimony is the testimony of the dead claimant [deceased employee] as he narrated the accident to the doctors, and this was done twelve or fifteen hours after the accident occurred, and would constitute hearsay testimony alone. . . There is no evidence of an accident which is proven by any testimony of any character except hearsay." The claimant contends that the commission erred in refusing to consider as evidence the declarations of the employee as testified to by the physician, and that therefore the judgment of the commission as made was not a legal termination of the case.

*H. P. Cobb,* for plaintiff.

*Ralph G. Sims,* for defendant.

BELL, J. (After stating the foregoing facts.) In *Western & Atlantic Railroad Co.* v. *Beason,* 112 *Ga.* 553 (2) (37 S. E. 863), it was held that the real test as to whether declarations are admissible as a part of the res gestæ is, were they "a part of the occurrence to which they relate, or were they a mere narrative concerning something which had fully taken place and had therefore become a thing of the past." In *Atlanta, K. & N. R. Co.* v. *Gardner,* 122 *Ga.* 82 (11) (49 S. E. 818), the Supreme Court held that on the trial of an action for damages for personal injuries, "complaints made by the plaintiff to her attending physician of pains in designated portions of her body were not admissible in evidence in her favor, unless made under such circumstances as to be equivalent to spontaneous and involuntary exclamations or outcries, groans, convulsive movements, and other physical manifes-

tations of *present pain and suffering.*" (Italics ours.) See also *Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1 (2) (54 S. E. 911) ; *Georgia Ry. & Electric Co.* v. *Gilleland,* 133 *Ga.* 621 (2) (66 S. E. 944). In the instant case the testimony of physicians as to the employee's condition and to the fact that he was suffering from hernia, and that it was of recent origin, was not hearsay, and we do not understand that the commission so denominated it. What the commission did hold was that the statements made by the employee to Dr. Jones, to the effect that he had suffered an injury in a particular way several hours before, was hearsay, and in this the commission was right. They were merely narrative and descriptive of an alleged past occurrence, of which they were in no sense a part. The same is also true of what the employee said to Collins. Furthermore, there should be other proof of the main or principal fact (which in the instant case was the alleged accident or injury while the employee was handling the cloth), before the declaration can be considered as a part of such fact. "It is proceeding in a circle to use the declarations as proof of facts necessary to constitute the declarations a part of the res gestæ." 22 Corpus Juris, 449, § 536.

Counsel for plaintiff in error says that "Just as every wrong has its remedy in the law, every fact should be capable of some legal proof." But in the juridical sense the court can not know that the fact exists until there is proof of it. The statement of counsel would illogically assume its existence in order to let in the proof, whereas the proof should come first. Otherwise, there is no fact to deal with. Hearsay is without probative value. *Eastlick* v. *Southern Ry. Co.,* 116 *Ga.* 48 (42 S. E. 499).

It is necessary, before compensation may be allowed for hernia, that the claimant definitely prove, among other things, that there was an injury which resulted therein. See paragraph e, § 2, of the workmen's compensation act; Ga. L. 1920, p. 167. There was no evidence in this case, outside of hearsay, that the employee suffered any injury whatever. The industrial commission committed no error in its rulings or in rendering the judgment complained of. Indeed, its findings appear to have been demanded under the record. It is not necessary to determine at this time what would constitute an injury as distinguished from the hernia itself, since, in the present case, there was no competent evidence of anything

in the nature of such injury. The judge of the superior court properly denied the appeal.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*