17470. UNITED STATES FIDELITY & GUARANTY CO. *et al. v.* BOHANNAN.

The code provisions requiring that in motions for a new trial and in cer-tain other cases there shall be an approved brief of the evidence do not apply to cases arising under the workmen's compensation act.

The statement of the employee at his place of labor within a few minutes of his alleged injury, that he had met with an accident while engaged in his usual work, and that his leg or knee had been injured thereby, was a part of the res gestæ and was admissible as tending to show the fact of the injury.

The award of the industrial commission was authorized by the evidence.

DECIDED OCTOBER 5, 1926. REHEARING DENIED NOVEMBER 9, 1926.

Appeal; from Walker superior court—Judge Maddox. May 7, 1926.

*Bryan & Middlebrooks,* for plaintiff in error.

*Norman Shattuck,* contra.

BROYLES, C. J. 1. Under the general scheme of the work-men's compensation act (Ga. L. 1920, p. 167) and the special pro-visions of the act, it is apparent that the code provisions requiring that in motions for new trials and in certain other cases a brief of the evidence shall be made and shall be approved by the trial

---

Evidence, 22 C. J. p. 463, n. 19.
New Trial, 29 Cyc. p. 972, n. 15.
Workmen's Compensation Acts, C. J. p. 125, n. 71.

judge do not apply to compensation cases. See, in this connection, *Meacham* v. *State,* 7 *Ga. App.* 713 (1) (68 S. E. 52). The motion to dismiss the bill of exceptions or to affirm the judgment excepted to, upon the grounds that no brief of the evidence had been made, and that no approval of the presiding judge appears on the record of the evidence transmitted to this court, is denied.

2. The award of the industrial commission was authorized by the evidence, and the judge of the superior court did not err in affirming it.

(*a*) This case is distinguished by its facts from that of *Bolton* v. *Columbia Casualty Co.,* 34 *Ga. App.* 658 (130 S. E. 535), relied on by counsel for the plaintiff in error. In the *Bolton* case the only evidence as to the employee having suffered any accident arising out of and in the course of his employment was the declarations made by the employee while on the way to his home after the day's work was over, and this court held that such declarations were "merely narrative and descriptive of something which had fully taken place and become a thing of the past, and had no probative value in establishing the fact that he was injured, and the industrial commission properly held that such statements or declarations were hearsay and no part of the res gestæ." In the instant case, however, there was evidence that the employee, while still at his place of labor, and *within a few minutes of his alleged injury,* told a fellow employee that he had met with an accident while engaged in his usual work, and that his leg or knee had been injured thereby, and the industrial commission properly ruled that these statements of the employee were part of the res gestæ and were admissible as tending to show the fact of the injury.

*Judgment affirmed.* *Luke and Bloodworth, JJ., concur.*