JAMES W. KENNEDY *v.* WALDSEE PRUNTY *et al.*

(No. 7771)

Submitted April 17, 1934. Decided April 24, 1934.

S. A. *Powell,* for appellant.
*Powell & Clifford,* for appellee Waldsee Prunty.

HATCHER, JUDGE:

Plaintiff, J. W. Kennedy, seeking to collect the balance due him from defendant, Waldsee Prunty, garnisheed one Charley Ross. The affidavit for attachment averred that Prunty was the owner of one hundred shares of the capital stock of The Calumet & Hecla Copper Company and that the certificate for the stock was in the possession of Ross. No bond was given. Ross delivered to the court a sealed envelope which was addressed to Mrs. J. A. Prunty, the wife of Waldsee. Ross also filed an answer stating that the envelope had been delivered to him for safe keeping by Mrs. Prunty, and that he did not know the contents of the envelope, but believed it contained a certificate for one hundred shares of Calumet & Hecla Copper Company stock issued to Waldsee Prunty. (No reason for the belief was stated.) Thereupon came Prunty and offered to pay into court the balance due plaintiff on condition that the sealed envelope be turned over to him. He filed no pleading, and the record does not show that he claimed to own the contents of the envelope. His offer was resisted by Mrs. Prunty who filed a petition (properly verified) alleging that she and her husband were living separate and apart, and asserting ownership to the envelope and its contents. She also proposed to pay the balance due plaintiff provided the envelope, unopened, were turned over to her. Prunty resisted his wife's offer and moved the court to open the envelope, which was done over her protest. The envelope contained the

stock certificate above described. Whereupon, the court directed an issue out of chancery to determine the ownership of the stock. Mrs. Prunty appealed.

The brief of Waldsee Prunty makes the sole point that the rulings of the circuit court are interlocutory and not appealable. The decree herein, in effect, refuses to abate the attachment. The decree is therefore appealable under Code 1931, 58-5-1 (h).

No brief is filed for Mrs. Prunty; however, the procedural errors are obvious. Some courts hold that stock certificates are *property*—''more than mere receipts or evidence'' and through trade usages ''have come to be the stock itself, practically.'' Cook on Corporations (8th Ed.), sec. 485. 14 C. J., subject Corporations, sec. 703-705. That holding might be persuasive if this were a case of first impression with us; but our view is circumscribed both by statute and precedent. The *shares of stock* of a corporation were declared to be personal property and subject to legal process by Acts 1882, ch. 96. Following that enactment, *Lipscomb* v. *Condon* (1904), 56 W. Va. 416, 49 S. E. 392, held (a) that the certificate of stock was not the stock itself but merely written *evidence* of its ownership, and (b) that *the corporation* in which the shares of stock were held *should be made the garnishee.* That decision has been taken generally to imply that a stock certificate is not subject to levy. See the notes to 12 R. C. L., subject Garnishment, sec. 19, and to 28 C. J., *idem,* sec. 213 (pp. 168-9).

We observe that Code 1931, 31-1-53, now requires the seizure of a stock certificate in connection with a levy upon the shares of stock for which the certificate is outstanding. That innovation was taken (according to the Reviser's note) from the Uniform Stock Transfer Act, section 13. A note to the section by the National Conference of Commissioners on Uniform State Laws shows that the purpose of the section is to prevent a transfer of the certificate (to an innocent purchaser) subsequent to levy on the shares of stock. The seizure now directed by 31-1-53 is accordingly incidental to a levy on shares of stock; but the seizure is ancillary to, and not independent of, the levy. There being no such levy made or contemplated in this proceeding, judicial retention of the stock certificate is not sustained by the statute.

We are therefore of opinion that the stock certificate in possession of Ross was not subject to the attachment herein, that the court should not have accepted or opened the envelope which contained the certificate, and that upon the demand of Mrs. Prunty, the admitted bailor of Ross, the envelope should have been restored to her. A *fortiori* should this have been done upon her offer to satisfy the plaintiff's demand, since his satisfaction would have terminated his motive to perfect the levy (by making the Copper Company the garnishee) and the occasion for the court to retain the certificate while that was being done. Under no aspect of the case can we justify the issue out of chancery to try the rights of the husband and wife to the stock.

The rulings of the circuit court on the stock certificate are reversed and the cause remanded.

*Reversed and remanded.*