### 30192. HARTFORD ACCIDENT AND INDEMNITY COMPANY *et al.* v. OGLESBY.

DECIDED SEPTEMBER 25, 1943. REHEARING DENIED NOVEMBER 20, 1943.

*T. Elton Drake, William E. Ball,* for plaintiffs in error.
*Fraser & Irwin,* contra.

FELTON, J. The State Board of Workmen's Compensation denied compensation to the claimant, Mrs. Leroy Oglesby, for the death of her husband. On appeal the superior court reversed the board's award. To this judgment the employer and the insurance carrier excepted.

The claimant's husband had been employed by Colonial Stores Inc. for several years previously to February 12, 1943. On that day he reported for work at seven o'clock a. m., and after working between thirty and forty minutes at a bread machine suffered a heart attack, and died in less than a hour. In May or June, 1938, he had suffered a stroke which produced paralysis in his left side, from which he never fully recovered. He went back to work within two months from the time he suffered the stroke, and worked regularly until the date of his death. He had suffered from coronary thrombosis from .1938 to the time of his death. The cause of his death was coronary thrombosis. On the afternoon before his death he gave a pint of his blood for a blood transfusion to a relative. After the transfusion he went home; and though he suffered pain during the night, he reported for work at seven o'clock the next morning at a dough machine. His work required him to stand next to the machine and lean over and straighten out pieces of dough whenever they became disarranged on a conveyor belt. He was stricken while so engaged. The only conflict in the evidence with reference to the work was as to the number of physical movements he made in the short time before his death. Medical experts testified for the claimant, to the effect that in their opinion the work the employee was doing was too great for him in his physical condition, and in a great part was the precipitating cause of his death at that particular time. Medical experts for the employer and the insurance carrier testified that in their opinion the work which the employee performed on the day of his death did not contribute to his death, but that his death resulted solely from the blood transfusion. The claimant insists that the evidence demands the conclusion that the work did contribute to his death, and relies on *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d, 478), *Griggs* v. *Lumbermen's Mutual Casualty Co.,* 61 *Ga. App.* 448 (6 S. E. 2d, 180), and *Brown* v. *Lumbermen's Mutual Casualty Co.,* 49 *Ga. App.* 99 (174 S. E. 359).

We cannot agree with this contention. This court cannot say

as a matter of law that a certain amount of physical exertion materially contributed to the death of one in whom a circulatory collapse had already begun because of a blood transfusion. On such a question, as shown by the record, medical experts disagree, and this court is not qualified to settle so controversial a question. All the evidence as to the cause of death is from expert medical testimony, and there is no basis upon which this court can discard the testimony accepted by the board on the theory that there is positive and reasonable testimony of honest and unimpeached witnesses as to the existence of physical facts which demand a different conclusion. The claimant contends that the case is the same as if a flying piece of steel from a defective machine had severed the employee's head from his body, instantly killing him while he was walking from one machine to another. She contends that this court would be required to hold, under those circumstances, that the decapitation contributed to the death, in spite of the testimony of experts that it did not, and that death would have resulted from the transfusion at the instant the decapitation occurred. The analogy is fatal, in that it presents a physical fact the consequences of which the court can take judicial knowledge, while under the facts of this case the court has nothing to guide it but expert testimony. We need not go into the question whether when a man in virtually a dying condition from causes foreign to his employment goes to work, and his death is accelerated slightly by his physical exertion, his wife would be entitled to compensation. This case falls squarely within the rule that where a finding is authorized under conflicting testimony it is conclusive. The court erred in reversing the award of the board.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*