33022. MADDOX *v.* BUICE TRANSFER & STORAGE CO.

DECIDED MAY 2, 1950.

504

*Dobbs & McCutchen,* for plaintiff.

*Neely, Marshall & Greene,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) The mere fact that the heart attack from which the claimant's husband died occurred at a moment when he was attending to personal business, rather than a few minutes earlier when he was engaged in the course of his employment, is not in and of itself sufficient upon which to predicate a denial of compensation. While an injury must both arise out of and in the course of the employment, "in the course of" relates to the time, place and

circumstances under which the *accident* takes place. *Continental Casualty Co.* v. *Caldwell*, 55 *Ga. App.* 17, 21 (189 S. E. 408); *Thornton* v. *Hartford Accident & Indemnity Co.*, 198 *Ga.* 786 (32 S. E. 2d, 816). If the immediate precipitating cause of the employee's death was exertion during the time he was lifting trunks and boxes, even though the attack from which he died was delayed for a time, then his dependents would be entitled to benefits.

Nor does the fact that the exertion, if it resulted in the attack, would not have caused the injury except for a physical condition weakened by pre-existing causes preclude the award of benefits. Paralysis due to cerebral hemorrhage in one already suffering from arteriosclerosis, because of prolonged exertion, has been held within the operation of the act, as also a ruptured blood vessel or an aggravated aneurism, even though the blood vessel was in such diseased condition that it would have finally produced the injury regardless of the work, if the work was the immediate precipitating cause thereof. See *Griggs* v. *Lumbermen's Mutual Cas. Co.*, 61 *Ga. App.* 448 (6 S. E. 2d, 180), and cases there cited. But in such event it must affirmatively appear that there is a causal connection between the injury, insofar as employment is concerned, and the disease. In other words, the attack must be traumatic rather than idiopathic in origin. An award denying compensation will be affirmed where this connection is not made out. See *Merritt* v. *Continental Casualty Ins. Co.*, 65 *Ga. App.* 826 (16 S. E. 2d, 612); *Hartford Accident & Indemnity Co.* v. *Oglesby*, 70 *Ga. App.* 160 (27 S. E. 2d, 774); *American Mutual Liability Co.* v. *Harden*, 64 *Ga. App.* 593, 595 (13 S. E. 2d, 685). In the *Oglesby* case it was held as follows: "This court cannot say as a matter of law that a certain amount of physical exertion materially contributed to the death of one in whom a circulatory collapse had already begun because of a blood transfusion. On such a question, as shown by the record, medical experts disagree, and this court is not qualified to settle so controversial a question."

Both physicians agreed that the employee in this case would not have been injured by the work he performed had he not had a pre-existing diseased condition of the arteries. One of them then testified that in his opinion the heavy work precipitated

the final catastrophe. The other testified that he would stake his professional reputation that it would be impossible for an attack of this nature, which occurred over an hour after the work had ceased, to be in any way caused thereby. While direct and positive testimony cannot arbitrarily be rejected by a jury or other trier of facts, this rule does not apply to the opinion evidence of physicians or other experts. See, in this connection, *Thompson* v. *Atlanta,* 66 *Ga. App.* 255 (17 S. E. 2d, 761), holding that, "Our court has held that the question as to the weight and credit to be given to the opinion testimony of a physician witness in a workmen's compensation case is a matter to be determined by the Industrial Board. *Ocean Accident & Guaranty Corp.* v. *Land,* 64 *Ga. App.* 149 (12 S. E. 2d, 413)." Where, under conflicting testimony as to the cause of a stroke of paralysis on the part of an employee suffering from high blood pressure, the director denied compensation, it was held: "In cases of this kind the burden of proof is on the claimant to establish the fact that he has sustained an accidental injury such as is contemplated by the Workmen's Compensation Act. The Industrial Board found as a fact that this burden had not been carried by the claimant. This finding is binding on all courts when there is evidence in the record to support it." *American Mutual Liability Co.* v. *Harden,* supra.

The evidence as to the cause of the heart attack from which the employee died being in sharp conflict, and there being some evidence to support the finding of the director denying compensation, this court is bound thereby. Accordingly, the judge of the superior court did not err in affirming the decision of the Board of Workmen's Compensation denying benefits to the claimant.

*Judgment affirmed.* *MacIntyre, P.J., and Gardner, J., concur.*