32975. LIBERTY MUTUAL INSURANCE CO. *v.* MEEKS.

DECIDED JUNE 7, 1950. REHEARING DENIED JUNE 28, 1950.

802

*Neely, Marshall & Greene,* for plaintiffs in error.

*E. O. Dobbs Jr., Emory L. Rowland,* contra.

Townsend, J. (After stating the foregoing facts.) ■ The director stated as a finding of fact that the cause of death was coronary thrombosis, generalized arteriosclerosis being a contributing cause; that the claimant was doing hard laborious work on November 18 and that there is medical testimony to support the finding that the strain placed on the claimant as a result of this heavy work contributed to his death. There is evidence in the record to support this finding. As stated in *Fidelity & Casualty Co.* v. *Adams,* 70 *Ga. App.* 297 (28 S. E. 2d, 79): "If the employment of the employee contributes to the injury it is an accident under our compensation law and is compensable, it matters not what combined with the employment to produce it." In *Maddox* v. *Buice Transfer & Storage Co.,* 81 *Ga. App.*

503 (59 S. E. 2d, 329) the court held: "If the immediate pre-cipitating cause of the employee's death was exertion during the time he was lifting trunks and boxes, even though the attack from which he died was delayed for a time, then his dependents would be entitled to benefits." See also *Griggs* v. *Lumbermen's Mutual Casualty Co.*, 61 *Ga. App.* 448 (6 S. E. 2d, 180); *London Guaranty & Accident Corp.* v. *Wallace*, 35 *Ga. App.* 571 (134 S. E. 334).

It is contended by counsel for the employer that the testi-mony of Meeks (the son), Garrison (the fellow-worker), and the claimant were all hearsay, and that in consequence the reply of Dr. Blackford to any hypothetical question based on such testimony should be stricken from the record under the pro-visions of Code § 38-1710 providing that opinions shall be given on the facts as proved by other witnesses. If the evidence is in fact inadmissible this contention is sound. What the employee told others after he arrived home concerning his physical con-dition is a mere narrative of past events and has no probative value. *Hodge* v. *American Mutual Liability Ins. Co.*, 57 *Ga. App.* 403 (195 S. E. 765); *Merritt* v. *Continental Casualty Ins. Co.*, 65 *Ga. App.* 826 (16 S. E. 2d, 612). The claimant, how-ever, had a right to testify as to the physical appearance of her husband when he entered the house, the amount of supper he ate, his apparent pain and exclamations indicating the same, and the fact that he was put to bed and a doctor summoned. Such testimony is not subject to the objection that it is a self-serving declaration, but is relevant and material to his physical condi-tion. In Travelers Insurance Co. *v.* Mosley, 75 U. S. 397 (19 L. ed. 437), it is held: "Declarations of a party himself, to whom-soever made, are competent evidence, when confined strictly to such complaints, expressions and exclamations as furnish evi-dence of a present existing pain or malady, to prove his con-dition." This quotation was adopted as a headnote in *Latham* v. *Hardford Accident & Indemnity Co.*, 60 *Ga. App.* 523 (3 S. E. 2d, 916), and the following was there stated: "In the instant case, the declarations should not be considered as in the nature of a narrative of where, when and how the accident occurred, but should properly be construed as being confined to such com-plaints, exclamations and expressions as usually and naturally

accompany and furnish evidence of a present existing pain or malady; and being, under the circumstances, the best possible testimony that could be adduced as to the cause of the accident, they were admissible." The testimony of the claimant and her son as to their observation of the .employee and his physical condition after he returned home were admissible for the same reason.

On the other hand, the testimony of the son that his father stated, immediately after ceasing work and while changing clothes preparatory to leaving the job, that he had worked mighty hard, that the work was too heavy, that he would have to quit, and that he had a pain in his chest—these remarks being of the same character and apparently a continuation of those made to his fellow employee during the actual progress of the work, and all of which occurred either immediately during the work or immediately thereafter, before returning home, may be considered together as a part of the res gestae and were therefore admissible. The line of division between those declarations necessarily so closely related to the injury as to be free of the suspicion of device or afterthought, and those not free from such suspicion, is a close one in many cases, but it is apparent here that the declarations of the employee were made spontaneously and were, in point of time, not too remote for consideration. The testimony of the son as to his remarks while changing clothes was therefore properly considered, the case being more similar on its facts to that of United States Fidelity & Guaranty Co. v. Bohannan, 36 Ga. App. 34 (135 S. E. 319) than to that of Bolton v. Columbia Casualty Co., 34 Ga. App. 658 (130 S. E. 535).

■ The medical testimony to the effect that the exertion of employment was an immediate precipitating cause of the attack is further objected to on the ground that the hypothetical questions directed to the medical expert were asked by an attorney who had not himself heard the testimony, and were replied to, not on the basis of the testimony in the record, but on the basis of information received by the witness from the claimant's lawyer before the trial, and which were unauthorized by any evidence in the record. The record reveals, however, that the hypothetical question was substantially supported by com-

petent evidence. It is true that some of the evidence in the record was hearsay, and, not coming within any of the exceptions to the rule against hearsay evidence, was without probative value. However, there was sufficient competent evidence to substantially authorize the question in the form given. In addition to this, the cross-examination of the doctor clearly disclosed that his opinion, taking into consideration only facts in evidence, was that the employment of the claimant and his exertion in connecton therewith, was an immediate precipitating cause of the attack which brought about his death. The Board of Workmen's Compensation or a single director thereof sits as a court, judging both the law and the facts, rather than as a jury. A jury considers all the evidence in the record. It is incumbent upon the party objecting to such evidence to have it ruled out in order to avoid its consideration. On the other hand, the Board of Workmen's Compensation or a director thereof in the capacity of a court sifts out inadmissible evidence and considers only that which is admissible under the rules of evidence, whether actually ruled out or not.

Dr. Blackford testified that if the man worked harder than usual, or if he worked very hard for three days, and if he complained toward the end of this time and showed pain which continued to increase, that he would consider the exertion a precipitating cause. He further testified that if the man went home feeling apparently normal, ate a good meal, and showed no symptoms until about two or three hours later, he would not be sure, that there would not be more than a fifty-fifty chance of the work being involved in the injury. He gave his opinion as to other hypothetical states of fact also. From his entire testimony the director was authorized to find that there was a causal relationship between the work and the attack, based on this testimony as a whole, which was contradicted but not impeached by another medical witness.

The ultimate contention of counsel for the employer is that the finding of the board rests upon an inference based on an inference. It was held in *Lumbermen's Mutual Casualty Co. v. Bridges*, 81 *Ga. App.* 395 (58 S. E. 2d, 849), that in cases of this kind an inference that the deceased suffered from a heart disease and an inference that the physical effort of his employment

contributing to his death are collateral inferences, having as their basis the connection of cause and effect and the observations of human experience, rather than a conclusion based upon the pyramiding of inferences. In this case the diagnosis of coronary occlusion and arteriosclerosis was based upon a physical examination while the employee was still in life by the physician who examined him and, there being no testimony to the contrary, it should in any case be treated as a fact rather than an inference, the doctor testifying positively as a result of his examination that the employee suffered from this disease.

The trial court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*