33377.   MARYLAND CASUALTY CO. *et al v.* DIXON.

DECIDED JANUARY 25, 1951.

*Kimzey & Kimzey,* for plaintiffs in error.

*Kimzey & Crawford,* contra.

TOWNSEND, J. (After stating the foregoing facts.) To be compensable, the injury received by an employee must, under the terms of the Workmen's Compensation Act, be the result of an accident, either directly or as a contributing proximate cause, arising out of and in the course of the employment. Code, § 114-102; *Ocean Accident & Guarantee Corp.* v. *Farr,* 180 *Ga.* 266, 270 (178 S. E. 728); *Brown* v. *Lumbermen's Mutual Casualty Co.,* 49 *Ga. App.* 99 (174 S. E. 359). An accident arises out of the employment when the required exertion producing

the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of health. *Williams* v. *Maryland Casualty Co.*, 67 *Ga. App.* 649 (21 S. E. 2d, 478); *Hardware Mutual Casualty Co.* v. *Sprayberry*, 195 *Ga.* 393 (2) (24 S. E. 2d, 315). Where the employment contributes to the injury, it is an accident under the terms of the law, regardless of whether or not some other factors united with the employment to produce it. *Fidelity & Casualty Co.* v. *Adams*, 70 *Ga. App.* 297 (28 S. E. 2d, 79). Nor must the accident suffered by one caused by external factors alone, such as a blow or other external violence, but a stroke, a ruptured blood vessel, or a heart attack may, under proper circumstances, be the subject-matter of compensation. *Lumbermen's Mutual Casualty Co.* v. *Griggs*, 190 *Ga.* 277 (9 S. E. 2d, 84); *Griggs* v. *Lumbermen's Mutual Casualty Co.*, 61 *Ga. App.* 448 (6 S. E. 2d, 180); *Bibb Mfg. Co.* v. *Alford*, 51 *Ga. App.* 237 (179 S. E. 912); *U. S. Casualty Co.* v. *Richardson*, 75 *Ga. App.* 496 (43 S. E. 2d, 793). The fact that such an attack is made more likely or probable by a pre-existing weakened physical condition is not a ground for denying compensation, if there is sufficient competent evidence that it was traumatic rather than ideopathic in origin. *Maddox* v. *Buice Transfer & Storage Co.*, 81 *Ga. App.* 503 (59 S. E. 2d, 329). And, if the exertion of the employment was the immediate precipitating cause of the employee's death or disability, the mere fact that the attack itself was delayed somewhat, and occurred after the employee had left the premises of his employer, is not in itself sufficient reason for denying compensation. *Liberty Mutual Insurance Co.* v. *Meeks*, 81 *Ga. App.* 800 (60 S. E. 2d, 258).

It thus becomes a question of fact as to whether there is in the record evidence to support the finding of the director, either awarding or denying compensation, in cases involving strokes, seizures and fatalities of like kind. Where the duties of the employment call for a quantity and quality of exertion which actually contribute as an immediate precipitating factor to the injury in the physical condition of the employee's health, whatever it may have been, it is compensable, regardless of whether on or off the actual physical premises of the employer. *Liberty Insurance Co.* v. *Meeks*, supra. In most of the cases above cited

the director found the evidence sufficient to establish this fact, and awarded compensation. In *Maddox* v. *Buice Transfer & Storage Co.*, supra, *Merritt* v. *Continental Casualty Insurance Co.*, 65 *Ga. App.* 826 (16 S. E. 2d, 612), *Employers Liability Assurance Corp.* v. *Woodward*, 53 *Ga. App.* 778 (187 S. E. 142), and other cases, the director found the evidence insufficient to establish this fact, and this judgment was affirmed. In the present case, the director found for the claimant. The evidence upon which this award is based is sufficient to authorize the director to find that during the automobile chase in which the chief of police participated two days before his death he suffered a second heart attack; that this attack was a contributing concurrent proximate cause of his death; that the attack occurred while he was engaged in the performance of his duties and that it accordingly arose out of and in the course of his employment. The director was therefore authorized to find that this attack was an accident within the meaning of the Workmen's Compensation Law.

The findings of fact of the director are supported by some evidence, and the judge of the superior court did not err in affirming the award allowing compensation to the claimant.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*