33651.   MASSACHUSETTS   BONDING   AND   INSURANCE
COMPANY *et al. v.* TURK.

DECIDED JULY 16, 1951.

T. J. Long, Nick Long Jr., for plaintiffs in error.

Austin, Fisher & Hilliard, James M. Austin, Maurice H. Hilliard, contra.

GARDNER, J. The record presents but a sole question for determination by this court, and that is, whether or not the heart attack suffered by the claimant on March 22, 1950, causing his total disability, resulted from an accidental injury, which arose out of and during the course of the claimant's employment. The director found that the claimant was entitled to compensation because of his total disability and the full board approved this finding and also amended the award by finding that the accidental injury of the claimant was an injury growing out of his employment and during the course thereof. An award of the compensation board, where supported by the facts in the record and not contrary to law in some manner, is binding upon the courts and will be, in the absence of fraud, upheld. Code, § 114-102. The single director or the full board, as the case may be, constitutes the fact-finding body, and if there is any evidence to sustain a finding made, no matter how much evidence there is to the contrary, this court will not disturb that finding, unless it is contrary to law in some manner. The finding of fact that the claimant performed work before going out on a call, which work could cause overexertion to a man of the claimant's age, and particularly when that person had a cardiac ailment at the time, although unknown to him, was a proper finding of fact, where the medical expert, who examined the claimant immediately after the attack and who treated him therefor, testified to the effect that "overexertion is certainly a factor at least in a great many cases, if not all, whether just preceding the attack or some days before." Such finding was not, according to the authorities examined by this court construing the Workmen's Compensation Law and which are set out hereinafter, contrary to the law for any reason. The courts of this State have held that a heart attack, where brought about

by the employee's work, such as lifting heavy objects, becoming fatigued, overexertion, straining, et cetera, even though there is no external mishap or unexpected occurrence, is properly found to be an accidental injury, and where disability or death results therefrom, the same is properly found by the board as compensable under said law. *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d, 84), and cit. See also *Maddox* v. *Buice Transfer &c. Co.,* 81 *Ga. App.* 503 (59 S. E. 2d, 329); *Fidelity & Casualty Company* v. *Adams,* 70 *Ga. App.* 297 (28 S. E. 2d, 79). This holding is in harmony with the decisions of both the English courts and other American State courts in those jurisdictions having compensation laws similar to ours. See *Griggs* v. *Lumbermen's Mutual Casualty Co.,* 61 *Ga. App.* 448 (6 S. E. 2d, 180), and the outside authorities therein dealt with.

Even where the employee had a pre-existing ailment which the overexertion or strain caused to flare up and become aggravated, it was properly ruled to have been an accidental injury arising out of and during the course of the employment, and compensable. See *Maddox* v. *Buice,* supra; *U. S. Casualty Company* v. *Kelly,* 78 *Ga. App.* 112 (50 2d, 238); *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d, 478), and cit. Where the accident hastened or accelerated the ultimate result, i. e., the disability or the death of the employee, the courts uniformly hold that compensation may be awarded. See *Fireman's Fund Ins. Co.* v. *Buchanan,* 79 *Ga. App.* 439 (54 S. E. 2d, 156). This is true even though the employee had no knowledge of any pre-existing ailment. *Travelers Ins. Co.* v. *Young,* 77 *Ga. App.* 512 (48 S. E. 2d, 748). Also, it is the rule that although the disability or death does not result immediately from the overexertion or strain, incurred during the employee's work, the board may properly find in favor of awarding compensation. *Maddox* v. *Buice,* supra. In a case recently decided by this court, the employee had a malignant internal carcinoma, and there was evidence that about a week or so before the employee died, and while he was at work, he sustained a blow in the region of this cancer, which could cause a more rapid spread of the malignant cancer cells and hasten death, compensation was not improperly awarded. This court ruled

that this was true although there was medical testimony to the effect that the treatment received by the employee rather than the blow hastened his death, where there was some testimony that the accidental blow was a contributing proximate cause of the employee's death. After the accident in that case, the claimant worked for a week without any apparent unsatisfactory results of the accident. *Lumbermen's Mutual Casualty Company* v. *Reed,* ante. This is analogous to the principle of law decided in the instant case.

It follows that there being some evidence to support the award of the deputy director and approved by the full board, which also specifically ruled that the injury was an accident arising out of and in the course of his employment, and the same having been affirmed on appeal to the Superior Court of Fulton County, and there being no fraud apparent, such award will not be disturbed and set aside by this court.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*