### 39571. SPRINGFIELD INSURANCE COMPANY et al. v. HARRIS.

RUSSELL, Judge. 1.(a) Where there is some medical opinion evidence, although disputed, that exertion of an employee is a contributing precipitating factor in the onset of a cerebral thrombosis or hemorrhage, commonly called a stroke, an award in favor of the claimant will not be distrubed by this court. *Royal Indem. Co. v. Humphries,* 90 Ga. App. 567 (2) (83 SE2d 565). The question of the weight to be given such expert opinion testimony is entirely for the Board of Workmen's Compensation. *Autry v. General Motors BOP Assembly Plant,* 85 Ga. App. 500 (69 SE2d 697). Cases involving cerebral hemorrhage have frequently been held compensable in spite of the fact that there has been a lapse of time, extending from a few minutes to several days, between the exertion which it was contended precipitated the cerebral accident and the ultimate death or disability. See *Liberty Mut. Ins. Co. v. Williams,* 44 Ga. App. 452 (2) (161 SE 853); *Bituminous Cas. Corp. v. Powell,* 84 Ga. App. 235 (1) (65 SE2d 825); *U. S. Fidelity &c. Co. v. Rosser,* 93 Ga. App. 201 (91 SE2d 64); *Griggs v. Lumbermen's Mut. Cas. Co.,* 61 Ga. App. 448 (6 SE2d 180).

(b) Ambiguities, contradictions, and errors due to a slip of the tongue or other like reason, in the testimony of a witness not a party to or interested in the result of the litigation go merely to the credibility of the witness, and are for the determination of the triors of fact. *Davis v. Tank Car Service*

*Stations,* 65 Ga. App. 509 (15 SE2d 829); *Walls v. State,* 83 Ga. App. 318 (63 SE2d 437); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451 (88 SE2d 809). After judgment the evidence is to be construed in favor of the verdict or award, and the mere fact that contradictions appear in the testimony of such a witness is no reason for voiding the result. *Holton v. State,* 61 Ga. App. 654 (3) (7 SE2d 202). The medical expert who was the claimant's personal physician here testified without objection as to the history of the claimant's ailment, including the findings of another doctor in his office who first examined her. Where all of the other testimony in the case indicated that claimant's paralysis affected the right foot and leg, the mere fact that the witness, in mentioning the findings of the first physician to examine the claimant, indicated in one portion of his testimony that her right foot and leg were found by the first doctor to be affected, but in another portion that it was her left foot and leg which were affected, the question as to which statement was correct was, in the first instance, one for the hearing director. On appeal the testimony will be construed in favor of rather than against the award.

■ The undisputed evidence of the claimant was to the effect that while attending to her duties as store manager she climbed on a stool; that she was not dizzy or unwell; that the stool toppled and she fell, but she felt no pain at all, although she remained shaky and nauseated the rest of the afternoon. The next morning her right foot was dragging. On the following day the first physician to examine her found a paralysis of the right side and two days later the symptoms were more marked. There was opinion testimony that in such cases the symptoms of paralysis and resulting damage develop in from 24 hours to five days; that a woman suffering from arteriosclerosis as was this patient would sustain a sufficient shock from her fall to cause the small cerebral hemorrhage or thrombosis which she suffered; that in the physician's opinion it did cause it; and that the disability from which the claimant suffers is a result of the cerebral accident of which the fall was a contributing proximate cause. There is accordingly sufficient evidence to sustain the award.

■ The requirement that the award in workmen's compensation cases shall contain a concise but comprehensive statement of

the cause and circumstances of the accident as the hearing director finds it to have occurred with facts sufficient to support the legal conclusions arrived at (*Hodges v. Fidelity &c. Co.*, 105 Ga. App. 273, 124 SE2d 435) was sufficiently complied with in this case. This does not mean that the hearing director must brief all the evidence in the case; it does mean that the facts shown by the testimony on which the legal conclusions are founded should affirmatively appear.

The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation in favor of the claimant.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

Decided July 6, 1962—Rehearing denied July 26, 1962.

*Woodruff, Latimer, Savell, Lane & Williams, John M. Williams*, for plaintiffs in error.

*Herman H. Buckner*, contra.