## 46103.   EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al. v. VIDETTO.

WHITMAN, Judge. In this workmen's compensation case the duputy director made findings of fact and an award of compensation in favor of the deceased employee's widow and minor children.

On appeal to the full board the deputy's findings and award were set aside and the board made its own findings and award which denied the claim for compensation.

On appeal to the superior court the court entered an order reversing the full board's award and affirming the award of the deputy director. This last mentioned order was appealed to this court and is enumerated as error.

The decedent was employed in a textile mill. The deputy director

found that "the employee worked as a doffer on the night shift from 11:00 p.m. to 7:00 a.m.; that for a 5-week period ending February 16 he had worked 48 hours per week, but for week ending February 23 had worked only 32 hours; that during the last year he asked permission to be off about once a week, saying he felt badly, but permission was usually denied as the crew was shorthanded; that he worked the 8 hours ending 7:00 a.m. Monday morning, February 24, 1969, and on that Monday night at about 10:00 p.m. walked from his home to the plant to commence work at 11:00 p.m., but shortly after arrival asked his foreman for permission to be off, which was denied him (the foreman doesn't now believe claimant gave him a reason for the request at first); then at about 6 minutes to 11 p.m. he again asked permission and his foreman then noted that he looked sick and inquired of the employee and was told he didn't feel he could make it, and the foreman told him to wait for someone to help him get home; that about 11:00 p.m. employee vomited and lost consciousness and the foreman concluded he was sick at his stomach and cared for him with wet towels and called the first-aid man, Henry Faulkner, who thought he looked like he had ulcers and who about midnight phoned employee's wife and they took him to University Hospital where employee died about 33 hours later without regaining consciousness."

The deputy director made findings from the medical testimony to the effect that decedent died from rupture or occlusion of cerebral blood vessels; that the decendent's left heart ventricle had become enlarged from sustained high blood pressure over a period of several weeks; that the physician stated that one with high blood pressure should not be permitted to work as a "doffer" and that it was the physician's medical opinion that the decedent's stroke was brought on by the cumulative adverse effect of working long hours in a standing position over a period of weeks with high blood pressure.

The deputy director found ultimately that "the exertion of employee's work contributed to the stroke from which death soon occurred and found the injury and death arose out of and in the course of his employment."

Whereas, the deputy director made such findings as are set forth above and an award, the full board set the same aside and made its own findings and award. However, the findings of the full board, aside from a finding that death resulted from a cerebral vascular accident, are limited to what the employee did during a very brief time span, to wit:

"The board finds as a matter of fact that on February 24, 1969, the employee left his home at about 10:00 p. m. and walked to the employer's place of business where he was to commence work at 11:00 p. m. After arriving at the plant but before commencing work, the employee requested of his foreman permission to be off but he gave no reason for his request to be relieved from his duties on this day. Shortly before commencing work the employee again asked permission from his foreman to be off and the foreman noticed the employee appeared to be sick and was told by the employee that he did not feel well and did not feel that he could work. The employee was asked to wait until someone could take him home and about 11:00 p. m. the employee vomited and lost consciousness. The employee was cared for by the foreman and first-aid man and was then carried by the employee's wife to the University Hospital where the employee died approximately thirty-three hours later without regaining consciousness."

Based on *these findings only,* the board concluded: "[T]he employee did not engage in any activity which could have precipitated or brought about the attack from which he died and, therefore, finds that his death did not result from an accident and injury which arose out of and in the course of his employment." *Held:*

1. In a case of this type merely ascertaining the time of attack in relation to the employee's working hours, and that is all the board's findings in this case disclose, does not answer the claim. Stated otherwise, the fact that an attack in this type of case ensues while on the job neither concludes the case as compensable *(Callaway Mills Co. v. Hurley,* 100 Ga. App. 781 (112 SE2d 320); *Hansard v. Ga. Power Co.,* 105 Ga. App. 486 (124 SE2d 926) ), nor does an onset outside of working hours foreclose compensation *(Liberty Mut. Ins. Co. v. Meeks,* 81 Ga. App. 800 (60 SE2d 258); *Maddox v. Buice Transfer &c. Co.,* 81 Ga. App. 503,

504 (59 SE2d 329); *Maryland Cas. Co. v. Dixon,* 83 Ga. App. 172 (63 SE2d 272); *Federated Mut. &c. Ins. Co. v. Elliott,* 88 Ga. App. 266 (3) (76 SE2d 568); *Springfield Ins. Co. v. Harris,* 106 Ga. App. 422 (126 SE2d 920) ).

The case of *Hoffman v. National Surety Corp.,* 91 Ga. App. 414, 417 (85 SE2d 784) discusses the showing which a claimant must make to support an award in a case of this type:

"[I]t must be shown by evidence, opinion or otherwise, that the exertion attendant upon the duties of employment, no matter how slight or how strenuous, and no matter with what other factors—such as pre-existing disease or predisposition to attack—it may be combined, was sufficient to contribute toward the precipitation of the attack. Where evidence as to the work engaged in shows it to be sufficiently strenuous, or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that it did so contribute, this is sufficient. In other cases, the opinions of experts that the exertion shown by the evidence to exist would be sufficient is also sufficient to authorize a finding on the part of the fact-finding tribunal that it did. But, in one way or another, the fact must appear."

It goes without saying that the "findings of fact," in order to support an award either granting or denying compensation, must address itself to these same issues. The absolute silence of the full board's findings in the present case on the controlling issues of fact does not authorize us to conclude that the full board did inquire but found in the negative. Instead we must conclude that the full board, by determining only whether the employee was on or off the job when stricken, decided the case on an erroneous legal theory. "Cases involving cerebral hemmorrhage have frequently been held compensable in spite of the fact that there has been a lapse of time, extending from a few minutes to several days, between the exertion which it was contended precipitated the cerebral accident and the ultimate death or disability." *Springfield Ins. Co. v. Harris,* 106 Ga. App. 422 (1a) supra, and citations.

The trial court did not err to the extent that it reversed the full board.

2. "Upon review of an award, the superior court only has the authority to affirm, reverse or in some cases remand to the board. *American Cas. Co. v. Harris,* 96 Ga. App. 720, 723 (101 SE2d 618)." *Fulton Cotton Mills v. Lashley,* 123 Ga. App. 528, 531 (182 SE2d 180). When the superior court in the present case reversed the award of the full board and affirmed the award of the deputy director, the court in effect substituted its judgment for that of the full board, and to this extent the order was erroneous.

The case is accordingly affirmed with direction that it be remanded to the full board for opportunity to make further findings of fact based upon a proper consideration of the evidence in the light of the applicable legal principles previously set forth.

We can not and do not make any ruling on what the full board's findings of fact and award should be. We have set forth the deputy director's findings, which are in no way binding on the full board *(Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (1) (99 SE2d 89) ) only for the benefit of background.

*Judgment affirmed with direction. Hall, P. J., and Eberhardt, J., concur specially.*

ARGUED APRIL 6, 1971—DECIDED SEPTEMBER 21, 1971.

*George W. Mullins, Jr.,* for appellants.

*George B. Rushing,* for appellee.

EBERHARDT, Judge, concurring specially. As I see it, many of the "erroneous legal theory" cases are but a device which we have heretofore used as an escape from the "any evidence" rule, to which I would prefer to return. However, it cannot be gainsaid that the cases cited do support the conclusion reached, and authorize a remand of the case.

Presiding Judge Hall joins in this special concurrence.