45528.   BULLINGTON et al. v. AETNA CASUALTY
& SURETY COMPANY et al.

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 22, 1970—
REHEARING DENIED NOVEMBER 18, 1970—

*Mundy, Gammage & Cummings, William W. Mundy,* for appellants.

*Skinner, Wilson & Beals, Warner R. Wilson, Jr.,* for appellees.

HALL, Presiding Judge. Claimant contends that under the factual findings made by the board, the statutory defense of wilful misconduct (*Code* § 114-105) on which the board based its conclusions, could not apply. In other words, having found that the employee's injury aggravated a pre-existing but only moderate drinking problem and contributed to his death, it could not consistently find the advanced alcoholism to be voluntary or wilful misconduct on his part. Claimant discusses the modern medical view that alcoholism is a disease and invites an analogy to other aggravation of pre-existing disease cases.

While it is true there is a certain inconsistency between the findings and the award, we believe the reason lies in the board's application of the intoxication defense to this apparently novel claim.

The text of *Code* § 114-105 reads: "Employee's wilful misconduct.—No compensation shall be allowed for an injury or death due to the employee's wilful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another, or due to intoxication or wilful failure or refusal to use a safety appliance or perform a duty required by statute, or the wilful breach of any rule or regulation adopted by the employer and approved by the State Board of Workmen's Compensation, and brought to the knowledge of the employee prior to the accident. The burden of proof shall be upon him who claims an exemption or forfeiture under this section."

The board took the word "intoxication," correlated it with death caused by prolonged alcoholic consumption, and held that no compensation could be awarded. We believe the board misapplied the statute. The key words are "injury or death *due to . . .*" followed by a list of actions which are generic to wilful misconduct. The statute is stating a *proximate cause* requirement. See 1A Larson 501, § 34.31; *Shiplett v. Moran,* 58 Ga. App. 854 (200 SE 449); *General Accident &c. Assur. Corp. v. Prescott,* 80 Ga. App. 421 (56 SE2d 137). All the cases applying the intoxication defense have had the same factual pattern: the employee is injured or killed by some type of *accident* while allegedly intoxicated and the issue is whether the drinking proximately caused the injury or death (e.g., but for being drunk, would he have run into the machine?)

Here intoxication or, more properly, alcoholism is the *medical cause* of death. The employee did not die because he was drunk that day and did something foolish and dangerous. We believe that in terms of *proximate cause,* a pattern of progressive alcoholism falls within the "intentionally self-inflicted injury" category of the section rather than "intoxication." Drinking oneself to death is more analogous to suicide, the only body of self-inflicted injury cases extant. These cases have a similar factual pattern to the one here: first an injury arising out of employment, then, as a consequence of the injury, a deranged mental state, and finally a suicide. The issue is "whether the act of suicide was an intervening cause breaking the chain of causation between the initial injury and the death." 1A Larson 510.17, § 36.10. There are several tests to determine whether the suicide was an intervening cause. There are no Georgia suicide cases and therefore no Georgia test which would be reasonable to apply to the alcoholic also. We believe the Arizona court has devised a sensible and workable test. "Where original work-connected injuries suffered by employee result in his becoming devoid of normal judgment and dominated by disturbance of mind directly caused by his injury and its consequences, such as severe pain and despair, self-inflicted injury by employee cannot be considered 'purposeful' within provision of Workmen's Compensation Act excluding compensation if injury was purposefully self-inflicted." Graver Tank & Mfg. Co. v. Industrial Commission, 97 Ariz. 256 (4) (399 P2d 664). Substituting the words

"intentional" and "intentionally" for "purposeful" and "purposeful-ly," the test may be used in Georgia to determine whether compensation should be awarded when an employer raises the *Code* § 114-105 defense of intentionally self-inflicted injury.

While the board in its award did not consider the defense provided in *Code* § 114-503 (unreasonable refusal or neglect to submit to or follow reasonable surgical treatment by a competent surgeon) the appellees contend it is applicable here as the employee was cautioned by his doctor to quit drinking and he continued to do so. The contention is without merit. The definition of "surgical treatment" cannot be stretched to cover abstention from alcohol. See *Hartford Acc. &c. Co. v. Barfield*, 89 Ga. App. 562 (80 SE2d 84) for a definition of surgery.

Appellees' contention that the appeal should be dismissed is without merit.

The judgment is reversed with direction that the case be remanded to the Board of Workmen's Compensation for findings of fact and entry of an award applying the law in conformity with this opinion.

*Judgment reversed. Deen, J., concurs. Evans, J., concurs in the judgment only.*