## 46975. CASTLEBERRY v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

BELL, Chief Judge. 1. In this workmen's compensation case the deputy found as a fact that the employee's death was proximately caused by his intoxication and denied the widow's claim. *Code* § 114-105. On review by the full board, no additional evidence was offered and the board adopted the findings of fact of the deputy director and his award. Thus the board's award is not subject to the claim of error that it acted only in an appellate capacity.

*American Cas. Co. v. Wilson,* 99 Ga. App. 219 (108 SE2d 137).

2. Several enumerations of error go to the question that the employer waived the defense of intoxication. The evidence is amply sufficient to sustain the findings of fact that the death of the employee was proximately caused when he, while intoxicated, drove his employer's truck into the rear of another vehicle that was stopped at the traffic signal. It is claimed that intoxication of the employee was waived due to his repeated use of intoxicating liquor over a period of years with the knowledge and acquiescence of the employer. No authority has been cited to us and our research discloses no case that stands for the proposition that the provisions of *Code* § 114-105, which precludes the payment of compensation where death or injury is due to intoxication, may be waived by the employer. However, we need not decide this question for here there is not sufficient evidence to even raise the question. The only evidence which bears on this issue is testimony that the deceased consumed alcoholic beverages and occasionally had a drink while at work but there is no evidence that the deceased was a chronic alcoholic or that he was ever intoxicated previously while at work or ever drove his employer's vehicle while intoxicated with the knowledge of the employer.

3. Once a finding was made that death was due to intoxication which was sufficiently supported by the evidence, compensation must be denied under the provisions of *Code* § 114-105. A determination as to whether the employee was in the course of employment or whether the risks of his employment contributed to his death was rendered immaterial.

*Judgment affirmed. Eberhardt, P. J., and Evans, J., concur.*
Argued March 6, 1972—Decided June 12, 1972.

*Ronald L. Davis,* for appellant.
*Hopkins & Gresham, H. Lowell Hopkins,* for appellees.