52473. U. S. ASBESTOS et al. v. HAMMOCK.

STOLZ, Judge.

The appellants, an employer and its insurer, appeal from an award by the Board of Workmen's Compensation in favor of the appellee-claimant. The claim upon which the award is based was filed in 1966 based upon an alleged accident in 1966. After many years of litigation, the board made this award based upon an accident in 1970 which was manifested as an aggravation of the earlier condition. The Superior Court of Fulton County affirmed the award, and from that decision this appeal was made.

In 1958 the appellee entered the employ of the appellant-employer. For eight years he worked in the dusty environment peculiar to the asbestos industry, leaving his work there in 1966 when the employees of the appellant-employer went on strike. A claim of total disability was filed on October 28, 1966, based upon an "accident," within the meaning of Code § 114-303, causing disease to the appellee's lungs.

The board found that the appellee's pre-existing lung condition was so aggravated by his employment for the appellant-employer that, as of March 27, 1970, the claimant became unable to work. Thus an "accident" occurred on March 27, 1970. The board's finding as to the date of the accident was based on a decision on May 27, 1970, by Dr. James Kaufmann, that the appellee was unable at that date to perform any type of work requiring physical exertion.

1. The appellants contend that the board erred in finding an accident date in 1970, several years after the appellee last worked for the appellant-employer. Code § 114-102 (as amended, Ga. L. 1973, pp. 232, 234) specifies that a compensable accident must "aris(e) out of and in the course of the employment." It is the appellants' contention that, for an accident to arise "in the course of the employment" within the meaning of the Act, it must occur

within the period of employment. See *Thornton v. Hartford Acc. &c. Co.,* 198 Ga. 786 (32 SE2d 816). However, an accident arises "in the course of the employment" if it is an aggravation of an injury which took place in the course of employment or if it is the end product of a force or cause set in motion in the course of employment. *Employers Mut. Liab. Ins. Co. v. Videtto,* 124 Ga. App. 458 (1) (184 SE2d 210); *Bullington v. Aetna Cas. &c. Co.,* 122 Ga. App. 842 (178 SE2d 901), revd. on other grounds, 227 Ga. 485 (181 SE2d 495); *Commissioners of Roads &c. of Fulton County v. Dowis,* 107 Ga. App. 647 (2) (131 SE2d 144); *Springfield Ins. Co. v. Harris,* 106 Ga. App. 422 (1) (126 SE2d 920); *Maddox v. Buice Transfer &c. Co.,* 81 Ga. App. 503 (59 SE2d 329); Thornton v. Chamberlain Manufacturing Corp., 62 N. J. 235 (300 A2d 146). According to Professor Larson, the Act does not require the accident to "occur," "be manifested," or "be consummated" in the course of employment. It merely says that the accident must be one "arising. . . in the course of employment." " 'Arising' connotes origin, not completion or manifestation." 1 Larson, The Law of Workmen's Compensation § 29.22. This statute must be liberally construed in order that its humane objectives may be effectuated. *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277, 287 (9 SE2d 84).

Thus, in the instant case the dusty conditions at the appellant-employer's plant caused or greatly contributed to a progressively deteriorating physical condition, which manifested itself in a state of total disability in 1970, and the appellee's condition in 1970 was one "arising. . . in the course of the employment." It was an aggravation of an injury which was caused within the physical and temporal confines of the appellee's employment for the appellant-employer.

This case is distinguished from *House v. Echota Cotton Mills,* 129 Ga. App. 350 (199 SE2d 585), because in *House,* compensation was denied due to failure to file a claim within the statutory period. In the instant case, unlike *House,* a claim was filed within a year of the appellee's last employment with the appellant-employer. See *Commercial Union Cos. v. Byrd,* 133 Ga. App. 878 (212 SE2d 446).

2. The appellants next contend that error was committed in finding an aggravated condition existent in 1970 when no claim was filed within a year following that date pursuant to Code § 114-305. However, the board obtained jurisdiction of the appellee's case upon the filing of his claim in 1966 (*Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (121 SE2d 689)), and the board will retain jurisdiction until there is a withdrawal, dismissal, or full compliance with an award. *U. S. Cas. Co. v. Smith,* 162 Ga. 130 (133 SE 851); *Metropolitan Cas. Ins. Co. v. Maloney,* 56 Ga. App. 74 (192 SE 320).

3. The appellants next claim that the appellee was improperly awarded benefits due to the fact that the appellants were not given notice of the 1970 aggravated "accident," as required by Code § 114-303. The record shows, however, that at the date on which the 1970 aggravation occurred, the appellants' attorney took part in the deposition upon which the board based its finding of the occurrence of the aggravated accident. Therefore, the appellants' attorney had actual knowledge of the "accident." Code § 114-303 specifies that there is sufficient notice if "the employer, his agent, representative, or foreman. . . had knowledge of the accident."

At the very least, we hold as a matter of law that the facts which arose through Dr. Kaufman's testimony upon deposition were sufficient to "put the employer on notice of the injury so that he may make an investigation if he sees fit to do so." *Railway Express Agency v. Harper,* 70 Ga. App. 795, 796 (1) (29 SE2d 434). This standard has traditionally constituted sufficient notice under Code § 114-303.

4. One of the appellants' enumerations of error is predicated upon their allegation that the deposition of Dr. Dan Henry was never admitted in evidence. However, we would call the appellants' attention to page 411 of the transcript, at which point the deposition in question was admitted in evidence.

5. The appellants contend that the board erred in finding that an aggravation of the appellee's condition occurred in 1970, without giving the appellees an opportunity to be heard at a hearing or to present any

evidence as to the physical condition of the appellee in 1970. The record, however, reflects that a medical board hearing was held in 1972, the appellants being free at that time to introduce evidence. Furthermore, the appellants at no time after 1970 made a motion for presentation of additional evidence before the full board.

6. The appellants also contend that the board erred in awarding weekly compensation benefits based upon the law in effect in 1970, rather than upon the law in force at the date of the appellee's last employment. However, compensation is based upon the law in effect at the time of the "accident," which in this case occurred as an aggravation of the appellee's pre-existing condition. *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (3) (177 SE2d 125).

7. The appellants allege that there is no evidence of total disability, based on undisputed evidence that in 1969 the appellee made $12 to $18 per week selling produce. However, there is no showing of earnings by the appellee after 1969, and there is opinion evidence that as of May 1970, the appellee was unable to perform any type of work requiring physical exertion. Therefore, under the any evidence rule, the board's finding of disability beginning in 1970 must be affirmed. *Pearce v. Pacific Employers Ins. Group,* 131 Ga. App. 792 (207 SE2d 207).

8. The appellants further contend that there is no evidence in the record to show that the appellant-insurer is liable on the 1970 accident. However, the record does contain a stipulation, made on July 16, 1969, between all of the parties involved, that the appellant-employer is insured by the appellant-insurer. The appellants never attempted to show any later facts which might have altered the stipulation. Thus, the any evidence rule is again invoked to uphold the board's finding.

9. There are several errors in the board's decision which require remand. First, the board erred in making a determination of the appellee's average weekly wage based upon his 1966 earnings, when the aggravated "accident" occurred in 1970. Code § 114-402 (as amended, Ga. L. 1945, p. 486) says in part: "(1) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the

same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said 13 weeks." In the instant case, the appellee did not work "during substantially the whole of 13 weeks immediately preceding" the 1970 aggravation. Therefore, the board should have determined the appellee's average weekly wage in accordance with subsection 2 of Code § 114-402, supra: "(2) If the injured employee shall not have worked in such employment during substantially the whole of 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in making the determination under the preceding paragraph." This case must be remanded in order for the board to follow the provisions of Code § 114-402, supra, in determining compensation based on average weekly wage.

10. Upon remand, the board is further directed to specify the amount of medical expenses to be paid by the appellants. The board, in the award under consideration, ordered the appellants to pay all medical expenses not in excess of $5,000 which the appellants and appellee shall agree are reasonably required to effect a cure or give relief. Such open-ended awards are not allowable. *Hutcheson v. Hutcheson,* 197 Ga. 603 (30 SE2d 107); *Coggins Granite Industries v. Jones,* 129 Ga. App. 886 (5) (201 SE2d 646); *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801 (4) (198 SE2d 412).

11. Finally, on remand it is suggested that the board amend its findings of fact and award to correct the obvious typographical error, holding that Dr. Kaufmann found the appellee to be unable to perform work involving physical exertion as of May 27, 1970, rather than March 27, 1970, as appears in the award.

The order of the superior court is reversed with direction to remand the case to the board to make findings in accordance with this opinion.

*Judgment reversed with direction. Bell, C. J., and Clark, J., concur.*

ARGUED JULY 13, 1976 — DECIDED OCTOBER 22, 1976 — REHEARING DENIED NOVEMBER 10, 1976 — 

*Hopkins, Gresham & Whitley, H. Lowell Hopkins,* for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White,* for appellee.