## 54630. NORTH GEORGIA TECHNICAL & VOCATIONAL SCHOOL et al. v. BOATWRIGHT.

DEEN, Presiding Judge.

The appellee was injured while serving as house parent of the vocational school dormitory and was hospitalized for five days, during which he was paid his regular salary. Three days later he was told that most of his duties would be taken over by others and his salary would be continued upon his performing certain light work, mainly simply sleeping in the dormitory at night. He undertook to do so, although not released by his physician to go back to work. Two days later a return-to-work form was signed. A week after that the claimant, who still experienced aggravated pain which did not yield to the medicines prescribed and which kept

him from sleeping, drank a large amount of alcohol and walked around the dormitory in a drunken stupor. He was apparently thereupon given the option of resigning or being fired and chose the former alternative. At the hearing he readily conceded his conduct had been untoward and knew that, as a rehabilitated former alcoholic, he could not touch liquor, had not done so except on this single occasion, and was motivated at the time not by a desire to drink but by the need to ease his physical pain. This explanation was supported by the testimony of his physician who did not know he had attempted to return to work.

On a change of condition hearing an administrative law judge of the workmen's compensation board found in favor of the employee, and this judgment was upheld by the full board and the Judge of the Superior Court of Habersham County. *Held:*

. 1. "The statutory test for 'change of condition' under Code Ann. § 114-709 is 'economic condition,' proximately caused by the previous accidental injury, rather than medical or physical condition." *Jenkins Enterprises, Inc. v. Williams,* 122 Ga. App. 840 (178 SE2d 926). The employee has the burden of showing that this condition has changed for the worse, that he cannot obtain work, that this results in total or partial loss of income, and that the *inability to work* is proximately caused by the injury. *Roland v. Cotton States Mut. Ins. Co.,* 133 Ga. App. 442 (211 SE2d 395). It would be erroneous to hold "that when an employee, following a disabling injury, returns to work and then is discharged for a cause unrelated to the injury, he is not entitled to compensation as a matter of law." *Fleming v. U. S. Fidelity &c. Co.,* 137 Ga. App. 492 (224 SE2d 127). Where proper causation in a change of condition hearing is established under the "any evidence" rule by the testimony of the employee and his medical witness, this court will not reverse. *Commercial Union Ins. Co. v. Crews,* 139 Ga. App. 521 (1) (229 SE2d 14).

The testimony is ample to the effect that the employee at the time he "resigned" was unable to take on his regular duties, and there is some evidence to the effect that he could not even hold down the minimal responsibilities of being physically present in the

dormitory which, as the administrative law judge specifically found, were a result of his injury, were accompanied by pain and physical limitations, and resulted in total incapacity to work.

2. The appellant contends further that the employee is barred from benefits under Code § 114-105 which specifies that no compensation is allowable for "an injury or death due to the employee's wilful misconduct" due to intoxication. The original *injury* here was, of course, not due to intoxication, but this statement taken alone would be a bit simplistic. A better rationale is to be found in Elliott v. Industrial Accident Commission, 21 Cal. 2d 281 (131 P2d 521), to the effect that an inhibition against consumption of liquor on the job refers to drinking for the mere satisfaction of the desire, and not the use of alcohol for medicinal purposes. This is in harmony with the Georgia rule that, where conduct of the employee may be a conscious and intentional violation of a known rule so as to constitute wilful misconduct, or may be merely inadvertent or an involuntary violation so as to constitute negligence only, the decision of the board on the point must be honored by this court. *Argonaut Ins. Co. v. Almon,* 120 Ga. App. 869 (172 SE2d 624). The employee testified that he drank the whiskey because he was in pain and could not get to sleep. The drunkenness episode occurred on the morning of May 13. It is obvious that, based on this testimony, the judge found that he "became totally incapacitated" on May 13. It is unnecessary to remand the case to make this finding more specific.

*The judgment of the superior court judge affirming the award of the full board is affirmed. Webb and Birdsong, JJ., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED NOVEMBER 1, 1977 — REHEARING DENIED NOVEMBER 18, 1977.

*Arthur K. Bolton, Attorney General, Lawson & Davis, G. Thomas Davis,* for appellants.
*E. Jay McCollum,* for appellee.