## 57272. REYNOLDS v. GEORGIA INSURANCE COMPANY et al.

WEBB, Presiding Judge.

In this workers' compensation case the board found that the death of the employee Reynolds was proximately caused by his intoxication while operating a company vehicle in a manner violative of several statutes, and that

compensation should be denied as required by Code § 114-105 precluding payment of compensation where the death or injury is "due to the employee's wilful misconduct, including . . . injury . . . due to intoxication. . ."

In this court claimant contends that the provisions of § 114-105 are capable of being "waived" by the employer, and that we should find such a waiver here because of the stipulation in the record that the employee "was an alcoholic and this fact was known to his employer."[1] Claimant, citing various publications on alcoholism,[2] contends that modern, enlightened policy on alcoholism dictates that it be viewed as an illness and not as "wilful misconduct" barring compensation under § 114-105. The employer replies that if a policy of helping the alcoholic is determinative of the matter, then the denial of compensation should be affirmed because otherwise few employers would keep an alcoholic on the payroll knowing that they would be required to pay compensation for intoxication. The result foreseen is nine million unemployable, unrehabilitatable American alcoholics, as opposed to the policy of the employer here that the offense against employment of drinking on the job required discharge, whereas an employee's status as an alcoholic did not.

Once again, as in *Castleberry v. U. S. Fidelity &c. Co.,* 126 Ga. App. 425 (190 SE2d 831) (1972), no authority has

---

[1]Claimant also contends that Craven, the employer, knew that Reynolds was drinking on the job, but the board found that "Wayne Craven, Reynolds' employer, knew that Reynolds drank but had never known of him coming to work drunk and Reynolds' drinking had not caused Wayne Craven any problems other than Reynolds missing time from work when he was drinking." There is support in the record for this finding and it is binding here, as is the finding that Reynolds' wilful misconduct due to intoxication was the proximate cause of the injury and death. *Fidelity & Cas. Co. v. Hodges,* 108 Ga. App. 474 (133 SE2d 406) (1963).

[2]E.g., Burkhalter, Nursing Care of the Alcoholic and Drug Abuser (McGraw-Hill, Inc. 1975).

been advanced supportive of the theory that the § 114-105 provisions are waivable. That section provides that no compensation "shall be allowed" in the described instances, and we follow that mandate.

Similarly, there is no room for judicial maneuvering with respect to the statutory phrase "wilful misconduct" vis a vis intoxication of an alcoholic.[3] Injury due to intoxication is, as a matter of definition by § 114-105, injury due to wilful misconduct; and "[o]nce a finding was made that the death was due to intoxication which was sufficiently supported by the evidence, compensation must be denied under the provisions of Code § 114-105." *Castleberry,* supra at 426. The law is clear, and policy arguments must be directed elsewhere.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED FEBRUARY 6, 1979 — DECIDED FEBRUARY 23, 1979.

*Emmett P. Johnson,* for appellant.
*Savell, Williams, Cox & Angel, Lawson A. Cox, II, John C. Parker, Wilkes & Smith, E. M. Wilkes, III, Lora Carter,* for appellees.

---

[3]Presumably, in accordance with claimant's proposed rule, injury of an alcoholic employee due to his intoxication would be compensable, while injury of a nonalcoholic employee due to his intoxication would not.