71495. MUTUAL SAVINGS LIFE INSURANCE COMPANY et al. v. PRUITT.
(343 SE2d 495)

BENHAM, Judge.

Appellant Mutual Savings Life Insurance Company ("Mutual"), appellee's employer; and appellant Auto-Owners Insurance Company ("Auto-Owners"), Mutual's insurance carrier, contest the trial court's affirmance of the workers' compensation award in appellee's favor. They claim that the award should have been reversed because the ALJ rendered a decision on an issue that was not before it and that appellee did not prove a new accident occurred while he was employed by Mutual. We granted the discretionary application to review the issues raised, and we affirm.

1. The record shows that appellee was employed by Mutual as an

insurance agent and that in the course of his employment on or about October 31, 1979, he injured his lower back on the right side. He saw a doctor about the condition in December of that year, filed a workers' compensation claim which was voluntarily accepted by appellants, and began receiving income and medical benefits. Appellants ceased paying medical benefits approximately two years later, but continued to make the weekly compensation payments. Appellee sought a hearing before an ALJ; on May 8, 1984, the day of the hearing, the parties stipulated that the purpose of the hearing was to "determine whether the employer/insurer should be required to pay certain medical expenses as well as the assessment of penalties and attorney fees against the employer/insurer."

The record further reflects that on the date of the hearing, appellee still worked for Mutual. At the hearing, appellee was not asked about and did not testify to any other injuries, but did testify that he had had two separate back operations. During his direct examination, the following exchange took place: Q. "Have you been able to work at all since your —" A. "No." A deposition given by appellee's surgeon was introduced and admitted into evidence. The surgeon stated in the deposition that he performed surgery on appellee's lower back and right side to alleviate the condition caused by the 1979 injury. The doctor stated that after appellee's recovery it was his "understanding that [appellee] had returned to employment generally within the insurance frame . . . and he was doing some driving associated with that." The surgeon also testified that appellee told him he reinjured his back while descending some steps in October 1980, and later said that he reinjured his lower back while getting out of a car in early July 1981. To alleviate appellee's back problem which resulted from the 1981 injury, the doctor testified that he performed surgery a second time to remove extruded disk material from appellee's lower back and left side. When asked to relate the 1981 injury to the 1979 injury, the doctor said, "[I]t seemed feasible to me that he had sustained a significant additional injury as related to the incident of his original injury in December of '79." He went on to say that the October 1981 (sic) misstep could have been attributed to any weakness or instability claimant might have had as a result of his original injury.

The ALJ found that the evidence was sufficient to conclude that the July 1981 injury was a new one, the medical expenses for which appellants were liable. The award was upheld by the full workers' compensation board and the Superior Court of Polk County.

Appellants contend that the award should not have been upheld since appellants had no notice or opportunity to defend against it. We disagree. The issue before the ALJ was whether appellants were liable for the medical expenses appellee incurred after they had ceased payment. To decide that question, the ALJ was required to examine the

facts surrounding the reason the expenses were incurred and whether that reason involved appellants. It is clear that that is what transpired, and appellants reasonably should have anticipated as much. The extent to which appellants prepared for the hearing was their decision to make, and the ALJ's inquiries and conclusions were not to be limited thereby.

2. We also reject appellants' contention that appellee did not prove a new accident while employed by Mutual. "[W]here the claimant sustains a second accident *as the result of a specific job-related incident* which aggravates a pre-existing condition which resulted from a prior accident . . . the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability. [Cit.]" *Central State Hosp. v. James*, 147 Ga. App. 308 (1) (b) (248 SE2d 678) (1978). There was evidence to link the subsequent injuries with the original one and to support the conclusion that appellee suffered a new accident in July 1981. *Fairfield Plantation v. Parmer*, 173 Ga. App. 619 (327 SE2d 580) (1985). See also *Atkinson v. Home Indem. Co.*, 141 Ga. App. 687 (234 SE2d 359) (1977). "Even though the evidence is conflicting, or not altogether complete and satisfactory, an award must be affirmed if there is any evidence to support it. [Cits.]" *Dept. of Public Safety v. Rodgers*, 149 Ga. App. 683 (255 SE2d 139) (1979); *Atkinson*, supra.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1986 —
REHEARING DENIED APRIL 1, 1986 — ▮▮▮▮▮▮▮▮

*John M. Williams, C. Wade McGuffey, Jr.*, for appellants.
*William D. Sparks, Michael K. Jablonski*, for appellee.