## 75211. DAN RIVER, INC. v. SHINALL.

(367 SE2d 846)

CARLEY, Judge.

Appellee-employee suffered a back injury which arose out of and in the course of her employment with appellant-employer. As a result of this back injury, appellee began receiving workers' compensation income and medical benefits from appellant. However, when a bill for alcohol detoxification treatment which had been provided to appellee was submitted for payment as an authorized medical expense, appellant refused to pay it. Appellee then filed a claim with the State Board of Workers' Compensation, wherein she asserted that her alcohol dependency and her need for detoxification had been the direct result of the pain and depression which had accompanied the compensable injury to her back. The administrative law judge (ALJ) made a finding that appellee's alcohol detoxification had resulted from her job-related injury and appellant was ordered to pay for those services. Upon its de novo review, the Full Board made the ALJ's award its own. On appellant's appeal to the superior court, the award of the Full Board was affirmed. Appellant's application for a discretionary appeal to this court from the superior court's affirmance of the Full Board's award was granted.

OCGA § 34-9-1 (4) sets forth the controlling statutory definition of a compensable " 'injury' or 'personal injury' " for purposes of workers' compensation. By its terms, that statute contains not only a general definition of what constitutes a compensable "injury" or "personal injury," but it also specifies certain circumstances or conditions wherein a finding of a compensable "injury" or "personal injury" will not be authorized. OCGA § 34-9-1 (4) mandates an absolute prohibition against a finding of a compensable "injury" or "personal injury" under certain circumstances: " 'Injury' and 'personal injury' *shall not* include injury caused by the willful act of a third person directed

against an employee for reasons personal to such employee. . . ." (Emphasis supplied.) The statute also provides for a conditional prohibition as to certain specified diseases: " 'Injury' and 'personal injury' *shall not* . . . include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis *unless* it is shown by a preponderance of competent and credible evidence that any of such conditions were attributable to the performance of the usual work of employment." (Emphasis supplied.) In 1973, OCGA § 34-9-1 (4) was amended to add the following: "*Alcoholism* or disabilities attributable thereto *shall not* be deemed to be 'injury' or 'personal injury' by accident arising out of and in the course of the employment. *Drug addiction* or disabilities resulting therefrom *shall not* be deemed to be 'injury' or 'personal injury' by accident arising out of and in the course of the employment *except* when such addiction was caused by the use of drugs or medicines prescribed for the treatment of the initial injury by an authorized physician." (Emphasis supplied.) It is clear that the legislative intent of this 1973 amendment is to extend the absolute prohibition against a finding of a compensability as an "injury" or "personal injury" to cases of alcoholism and to extend the conditional prohibition against such a finding to certain cases of drug addiction. Accordingly, the issue for resolution is what effect this absolute statutory prohibition as to alcoholism has in this case.

Appellee urged and the superior court found that OCGA § 34-9-1 (4) is applicable only as to the initial "injury" or "personal injury" upon which an employee ultimately premises his claim for workers' compensation benefits. Thus, under this interpretation given to OCGA § 34-9-1 (4) by the superior court, it is only the employee who has asserted alcoholism as his initial work-related injury who would be barred from recovering benefits as attributable thereto. It is undisputed that appellee's initial injury was not alcoholism but was a compensable accidental "injury" to her back and the evidence would authorize the finding that her alcoholism arose from the pain and depression caused by her compensable back injury. The superior court found that the costs of treating appellee for that alcoholism are, therefore, recoverable as an element of the medical benefits to which her back injury would entitle her.

If OCGA § 34-9-1 (4) constitutes a bar to the recovery of benefits only where alcoholism is the initial injury, then the 1973 amendment of that statute was superfluous. Prior to 1973, our workers' compensation law *already* contained an *explicit* prohibition on the recovery of benefits by an employee whose initial job-related injury was the proximate result of his intoxication. See OCGA § 34-9-17; *Castleberry v. U. S. Fid. &c. Co.*, 126 Ga. App. 425 (190 SE2d 831) (1972). Moreover, if the intent of the 1973 amendment had merely been to provide

for the non-compensability of alcoholism only as an initial "injury," the legislature would presumably have expressed that intent in language similar to that which it contemporaneously employed as to the issue of drug addiction. The 1973 amendment specifies that subsequent addiction which is caused by the use of drugs or medicines prescribed by an authorized physician for the initial injury is to be deemed a compensable "injury" or "personal injury." Thus, if appellee's addiction were attributable to such prescribed drugs or medicines, there is no doubt that the cost of her detoxification would be compensable pursuant to OCGA § 34-9-1 (4). However, the legislature did not similarly specify in the 1973 amendment that subsequent alcoholism, if attributable to the initial injury, is to be deemed compensable. To the contrary, the legislature stated, without condition or limitation, that alcoholism "shall not be deemed" to be a compensable "injury" or "personal injury." Thus, the interpretation given by the superior court to the 1973 amendment to OCGA § 34-9-1 (4) would be contrary to at least two rules of statutory construction. That construction would render the effect of the 1973 amendment entirely superfluous as to the issue of alcohol, notwithstanding the rule of statutory construction that " '[a] legislative body should always be presumed to mean something by the passage of an act.' " *Humthlett v. Reeves*, 211 Ga. 210, 219 (2) (85 SE2d 25) (1954). The construction utilized by the superior court would also ignore the contemporaneous language of the entire statutory provision, notwithstanding the rule that "[i]n the construction of a statute the legislative intent must be determined from a consideration of it as a whole. [Cit.] The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole. [Cit.]" *Williams v. Bear's Den, Inc.*, 214 Ga. 240, 242 (104 SE2d 230) (1958).

When the applicable rules of statutory construction are applied, it is clear that the legislative intent of the 1973 enactment was to address the compensability of claims involving addiction and to preclude a recovery for *any and all claims* for compensation based upon alcoholism and to authorize the recovery of claims for compensation based upon drug addiction under limited circumstances. Nothing that is relied upon by appellee compels a contrary result. Having been reversed by the Supreme Court, this court's decision in *Bullington v. Aetna Cas. &c. Co.*, 122 Ga. App. 842 (178 SE2d 901) (1970), rev'd 227 Ga. 485 (181 SE2d 495) (1971) has no precedential value. In fact, a strong argument could be made that the 1973 amendment to OCGA § 34-9-1 (4) envinces the General Assembly's intent that, as to the compensability of claims based upon alcoholism, the existing statutory workers' compensation law of this State never again be subject to the judicial construction reached in *Bullington*. Although the workers'

compensation law is to be liberally construed in favor of the claimant, this court has no authority to ignore the clear language of a statute and to allow the recovery of compensation benefits where the legislature has specified that it shall be denied. If compensation for alcoholism, whether it be in the form of income or medical benefits, is to be authorized in this State, it is for the legislature to amend OCGA § 34-9-1 (4) and not for this court to ignore that provision. The superior court erred in affirming the erroneous award of the State Board of Workers' Compensation.

*Judgment reversed. Birdsong, C. J., Sognier, Pope and Beasley, JJ., concur. Deen, P. J., concurs and also concurs specially. McMurray, P. J., Banke, P. J., and Benham, J., dissent.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, I offer the following, additional relevant observations.

The statutory and case law of this state simply do not sanction the claimant's compensation claim in this case. In *Bullington v. Aetna Cas. &c. Co.*, 122 Ga. App. 842 (178 SE2d 901) (1970), compensability was not ruled out on a claim based on an employee's having drunk himself to death because of a back injury. This writer concurred in that result then, but acknowledges now that that view was erroneous. (It is the absurd man who never changes his mind. *State Farm Mut. Auto. Ins. Co. v. Holmes*, 175 Ga. 655, 657 (333 SE2d 917) (1985) (Deen, P. J., dissenting)). In any event, *Bullington* does not support the claimant here, because (1) as noted by the majority opinion, the Supreme Court reversed it (227 Ga. 485 (181 SE2d 495) (1971)), and (2) *Bullington* had no precedential value in the first place because it was a two-judge decision.

In *Grimes v. Burch*, 223 Ga. 856, 860 (159 SE2d 69) (1968), the Supreme Court (all seven justices concurring) settled the policy in this state on the voluntariness of alcoholism. In doing so, the court relied upon the wisdom of Chief Justice Joseph Henry Lumpkin, which evidently bears repeating: " 'The fact is, responsibility depends upon the possession of will — not the power over it. Nor does the most desperate drunkard lose the power to control his will, but he loses the desire to control it. No matter how deep his degradation, the drunkard uses his will whenever he takes his cup. It is for the pleasure of the relief of the draught, that he takes it. His intellect, his appetite, and his will, all work rationally, if not wisely, in his guilty indulgence. And were you to exonerate the inebriate from responsibility, you would do violence both to his consciousness and to his conscience; for he not only feels the self-prompted use of every rational power involved in accountability, but he feels, also, precisely what this new philosophy denies — his solemn and actual wrongdoing, in

the very act of indulgence. Converse seriously with the greatest drunkard this side of actual insanity — just compose him, so as to reach his clear, constant experience, and he will confess that he realizes the guilt, and therefore the responsibility of his conduct. A creature made responsible by God, never loses his responsibility, save by some sort of insanity.' " *Choice v. State*, 31 Ga. 424, 473-474 (1860). See also *Burger v. State*, 118 Ga. App. 328 (163 SE2d 333) (1968), wherein eight judges on this court rejected alcoholism as a disease or type of defense to a charge of drunkenness. (If a disease, it is the only disease that can be legally bottled and sold over the counter.)

It is thus clear that in this state, it is the drinker's choice to drink, and the consequences of that drinking must be borne by the drinker. In the specific context of workers' compensation claims, even the dissenting opinion yields to the statutory provision that "[a]lcoholism or disabilities attributable thereto shall not be deemed to be 'injury' or 'personal injury' by accident arising out of and in the course of the employment." OCGA § 34-9-1 (4). By reasoning that the claim for alcoholic detoxification may be compensable as a medical expense relative to the back injury that was compensable, however, the dissenting opinion seeks to allow a claimant to recover indirectly what she could not recover directly, and places no value upon personal responsibility.

In the instant case, even accepting the employee's explanation that her alcoholism resulted from her efforts to obtain relief from the pain and depression caused by her back injury, under the law it was her choice to drink abusively and the consequences of that choice are her responsibility. Were the law to bestow the indirect reward upon a claimant for making the choice of dipsomania, as advocated by the dissenting opinion, this court may as well open the lid of a Pandora's box for compensation claims for the various costs consequential to pyromania, kleptomania, nymphomania, and any other mania, the indulgence of which may provide some distraction from the pain and depression experienced by an injured employee.

BANKE, Presiding Judge, dissenting.

The majority's decision in this case is premised on a factual finding which the board did not make and which the evidence of record does not necessarily warrant — namely, that the claimant was treated for "alcoholism." Additionally, even if the claimant was treated for "alcoholism," it does not necessarily follow that the expense of her alcohol detoxification treatment must be disallowed pursuant to OCGA § 34-9-1 (4), for she did not seek to have her alcohol abuse problem, however it is characterized, treated as a separate " 'injury' or 'personal injury' by accident arising out of and in the course of [her] employment."

The claimant sustained the disabling back injury on which this claim is based on February 18, 1984. She returned to work on July 11, 1984, after undergoing a lumbar laminectomy, but was again forced to discontinue work on November 16, 1984, due to increasing low back pain attributable to the injury. In May of 1987, while continuing to receive temporary total disability benefits for the back injury, she presented herself for treatment at the Atlanta Pain Control Center. However, as a prerequisite to beginning that treatment, she was first required to undergo a two-week period of alcohol detoxification at the Georgia Baptist Medical Center. According to the medical evidence, her diagnosis at that time was "not one of chronic alcohol addiction but acute alcohol abuse secondary to depression . . . and pain. . . ."

OCGA § 34-9-1 (4) specifies that "[a]lcoholism or disabilities attributable thereto shall not be deemed to be 'injury' or 'personal injury' by accident arising out of and in the course of the employment." The evidence of record in this case does not establish beyond dispute that the claimant was treated for "alcoholism," and the board certainly made no such finding. Moreover, regardless of the terminology used to characterize the claimant's alcohol abuse problem, she clearly did not seek to have that problem treated as a separate injury or even as a separate disability arising from her employment. Rather, she was merely seeking to recover the expense of her detoxification treatment as a medical expense arising from her back injury.

Pursuant to OCGA § 34-9-200 (a), the employer is required to "furnish the employee entitled to benefits under this chapter compensation for costs of such medical, surgical, and hospital care and other treatment, items, and services which are prescribed by a licensed physician, . . . which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment." The board has expressly determined in this case that the claimant's alcohol abuse problem was directly attributable to her back injury and has impliedly determined that the detoxification treatment which she received was reasonably necessary to afford her relief from the pain she was experiencing as a result of that injury, and thereby to restore her to suitable employment. The evidence of record supports both these determinations. In accordance with the oft stated principle that the Workers' Compensation Act should be liberally construed so as to effecutate its humane objectives (see, e.g., *U. S. Asbestos v. Hammock*, 140 Ga. App. 378, 379 (231 SE2d 792) (1976)), I would therefore affirm the order of the superior court sustaining the board's award in this case. Accord *North Ga. Tech. &c. School v. Boatwright*, 144 Ga. App. 66 (240 SE2d 563) (1977). See also 1 Larson, Workmen's Compensation Law, § 13.21, p. 3-422, n. 93.

I am authorized to state that Presiding Judge McMurray and

Judge Benham join in this dissent.

DECIDED MARCH 14, 1988 —
REHEARING DENIED MARCH 29, 1988 —

*H. Clifton Woodson*, for appellant.
*James E. Greene*, for appellee.