### 77814. FULMER BROTHERS, INC. et al. v. KERSEY.
(379 SE2d 607)

BEASLEY, Judge.

We granted Fulmer Brothers and its insurer's application to appeal this workers' compensation case to consider coverage of drug addiction under the Act.

The present claim was precipitated when Kersey injured his back on March 23, 1987 while strapping down logs on a truck.

In June of 1985, while working for another employer, Kersey had also injured his back, resulting in an operation. He had a second operation in June of 1986, performed by Dr. Downing. He was released to work in October when he began to work for Fulmer. He had settled

his workers' compensation claim against his former employer.

Even prior to his 1985 injury, Kersey had been treated for pain and shoulder problems. He had been given muscle relaxers and pain medication beginning in 1980. He was hospitalized in September 1983 for a "frozen shoulder" and, shortly after being released with prescriptions for muscle relaxers and pain relief, he was readmitted as a drug overdose patient. Dr. Smith, his family physician, advised Kersey at that time to get psychiatric help and warned him about concurrent use of various medications.

The possible drug abuse was noted in 1984 by Dr. Stanley, a neurologist, who had examined his shoulder. He advised at that time that Kersey should only be given Soma compound, a muscle relaxer, at the rate of ten a week.

Throughout 1984 and early 1985, before his first back injury, Kersey continued to be prescribed Soma and Tylenol 3, a class 3 narcotic for mild to moderate pain, as well as Percodan, a class 2 narcotic for moderate to severe pain, Demerol, and others.

Dr. Smith began to realize as early as November 1985 that Kersey was getting too much pain medication and noted it in his medical records. Dr. Smith had by this time become aware that Kersey was also getting pain medication from two other doctors in Augusta. It was Dr. Smith's opinion that Kersey was abusing these medications in 1985.

The overuse continued through 1986, before as well as after the June back operation, resulting in Dr. Smith's refusal to give him further medications on October 30, 1986. Dr. Downing, the neurologist, also refused him pain medication on October 29, and told Kersey on November 6 that he would no longer dispense medication because Kersey was obviously abusing it.

Dr. Smith did again prescribe Demerol and Percodan on February 7, 1987 when Kersey presented himself with a "twisted back" and complained of severe pain. He was given Tylenol 3 again on March 7.

After the incident on March 23, 1987, Kersey continued to receive pain medication and muscle relaxers, but the records do not reflect any greater amounts of frequency than before this accident.

The ALJ found that Dr. Downing and Dr. Smith concluded that Kersey had a very low pain threshold and a drug problem, that "[c]laimant has had a problem with medications going back to at least 1983 . . . . ," and "that claimant's medication addiction was aggravated and extended by the medications which he obtained as a result of the March 23, 1987 injury. Also, . . . that claimant's total disability for work since March 23, 1987 is attributable to his compensable injury." The ALJ ordered payment of "all other medical expenses which the parties shall agree are reasonable in amount and reasonably required to effect a cure or give relief."

The Board adopted the findings of the ALJ and the superior court affirmed.

Employer/insurer's appeals both below and here urge that the superior court erred in affirming the order insofar as it holds that any disability associated with drug abuse is the responsibility of employer/insurer.

"The superior court, when sitting as an appellate body, is ordinarily bound by the 'any evidence' standard of review. OCGA § 34-9-105. [Cit.] In this posture, the superior court is not authorized to substitute its judgment for that of the Board, [cits.] and where there is conflicting evidence, then the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact. [Cit.] Only where there is plain error of fact or an error purely of law is an appellate court authorized to reverse the Board's award. [Cits.]" *Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (313 SE2d 741) (1984).

OCGA § 34-9-1 (4) includes in the definition of "injury" for purposes of workers' compensation law that "[a]lcoholism or disabilities attributable thereto shall not be deemed to be 'injury' or 'personal injury' by accident arising out of and in the course of the employment. Drug addiction or disabilities resulting therefrom shall not be deemed to be 'injury' or 'personal injury' by accident arising out of and in the course of employment except when such addiction was caused by the use of drugs or medicines prescribed for the treatment of the *initial injury* by an authorized physician." (Emphasis supplied.)

This case involves a "new injury" as defined in *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (1) (248 SE2d 678) (1978): "[a] second example is where the claimant sustains a second accident as the result of a specific job-related incident which aggravates a preexisting condition which resulted from a prior accident. In these circumstances the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability." See *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154, 156 (1) (338 SE2d 742) (1985).

It is only a pre-existing condition which results from a prior accident, however, that is compensable when aggravated by a new injury even when the pre-existing condition is one without restriction as to coverage. *Central State*, supra; *Mutual Savings &c. Ins. Co. v. Pruitt*, 178 Ga. App. 476, 478 (343 SE2d 495) (1986).

Employer/insurer does not argue that, for the purposes of this case, drug addiction cannot be such a pre-existing condition. What is argued and what is determinative is the lack of evidence to support the conclusion of the ALJ that the addiction was "*caused by* the use of drugs or medicines prescribed for the treatment of the initial injury

by an authorized physician."

To cause means to bring about an effect or produce or call forth a resultant action or state. Webster's Third New Intl. Dictionary, p. 356 (1981).

The evidence is clear and undisputed that claimant was using the drugs to which the ALJ found him addicted as early as 1980. He suffered a drug overdose in 1983 and was found by the ALJ to have a drug problem then. This finding is supported by the record. Kersey was regularly taking the same drugs prescribed for both the 1985 and 1987 injuries through 1984 and 1985 and had had his prescriptions limited by Dr. Smith even before his June 1985 workers' compensation claim.

The addiction could only be considered a pre-existing condition, if at all, if it was "caused by" the medications prescribed for the first injury. It is not enough that the medication for the first injury "worsened" an already existing addiction, which was further worsened by medication prescribed for the new injury. The legislature was very specific in its allowance of coverage for drug addiction and that coverage cannot be expanded. See *Dan River, Inc. v. Shinall*, 186 Ga. App. 572, 574 (367 SE2d 846) (1988).

While claimant is correct that no award for drug rehabilitation has yet been made, since the award does appear to include claimant's drug addiction as part of the total disability which he suffers, it must be reversed.

It is not necessary to consider the remaining enumerations.

*Judgment reversed and case remanded for action consistent with this opinion. Banke, P. J., and Birdsong, J., concur.*

DECIDED MARCH 2, 1989.

Adams, Gardner, Ellis, Inglesby & Falligant, James R. Gardner, Christopher E. Klein, for appellants.

E. Neal Little, Jr., William L. Skinner, for appellee.