A89A1261. In the Interest of R. L. L. et al., children.
(386 SE2d 852)

Deen, Presiding Judge.

This child custody case has a protracted history. See *Harper v. Landers*, 180 Ga. App. 154 (348 SE2d 698) (1986); *In re R. L. L.*, 258 Ga. 628 (373 SE2d 363) (1988). The appellant father of the children was divorced in 1980 from the mother, who died in September 1984. For six years prior to the death of the mother the two children resided with their maternal grandparents, who were awarded temporary custody of the two children in November 1986. The appellant disobeyed that order and took the children to Florida, where he began a custody proceeding. The children were finally returned to the grandparents, and approximately one year later the trial court awarded custody to the grandparents for an additional two-year period. The Supreme Court, however, eventually remanded the case for a determination of the appellant's present fitness as a parent, pursuant to *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982). Following a hearing held on December 22, 1988, the trial court found the appellant unfit and continued custody with the maternal grandparents, and this discretionary appeal resulted. *Held*:

The evidence adduced at the December 1988 hearing, which primarily concerned the appellant's situation since the last hearing in November 1986, showed that the appellant had married the woman with whom he had been living, and was step-father to her three children. The father of the three children had no complaint with the way the appellant served his role as step-parent. They lived in a recently-built house in Florida. He was self-employed as an electrician, and his wife was employed by a plumbing company. The appellant and his wife had joined a Catholic church, although the regularity of their church attendance was disputed. The appellant had developed an alcohol abuse problem and had admitted himself to a treatment program in April 1988. While no court order had been issued requiring the father to support the children, the Georgia statute nevertheless mandates parental support of one's children. He had not contributed to their support during the past two years, and over a previous five-year period averaged only about $5 per week.

The task before the trial court was to determine whether clear and convincing evidence showed that the appellant is presently unfit as a parent and thus not entitled to custody. *In re R. L. L.*, supra. In holding that clear and convincing evidence supported a finding of present unfitness, the trial court recalled the appellant's past refusal to obey court orders, his imperfect relationship with his children, and "a highly charged atmosphere of alcoholism, violence and constant bickering. . . ." While appellant's refusal to obey the trial court's orders in 1986 is insufficient alone to support a present determination of un-

fitness, other evidence as to present unfitness must also be considered. The evidence of parental unfitness adduced in regard to the temporary custody determination of November 1986 may very well have been clear and convincing, but it is primarily the evidence adduced at the December 1988 hearing that must demonstrate clearly and convincingly the present unfitness of the appellant as a parent.

While the out-of-wedlock mode of living, the fighting, and the bickering had improved for the better, we focus now mainly on two points: (a) drugs; and (b) nonsupport of the children. (a) Past involvement in marijuana and cocaine use and conviction for conspiracy to sell the latter may only be viewed now as a possible influence leading to the present acknowledgment of an addictive alcoholism atmosphere applicable to appellant. He testified: "I am an alcoholic. I have a disease of alcoholism." (Some experts who regard it a disease claim that the addict has an inborn instinctive "genetic predisposition . . . The diseased individual undergoes molecular depletion of the endorphin-enkephalin metabolism with the ancient, reptilian-derived survival hypothalamic brain . . . derived for survival of the species." Talbott, "Alcoholism & Other Drug Addictions: A Primary Disease Entity," Recent Developments in Ga. Law, pp. 2a.1, 22a.4 (Dec. 1987). Our courts have rejected this speculative notion of its being a disease and have held that it is a product of the free will and it is the drinker's choice to drink. *Choice v. State*, 31 Ga. 424, 473-474 (1860); *Burger v. State*, 118 Ga. App. 328 (163 SE2d 333) (1968); *Dan River, Inc. v. Shinall*, 186 Ga. App. 572 (367 SE2d 846) (1988). Drinking a six-pack of beer every day for almost six weeks is a substantial addiction. The children said that the appellant had a Coors Lite in his hand most of the time when they were with him. Appellant claims that, although he admits to being an alcoholic, his treatment may have caused abatement of the addiction, but this is an issue for determination by the factfinder on the basis of all the evidence. (b) Further, there has been a continued absence of financial support of the children on appellant's part. We cannot say there is no competent evidence to support the finding of the trial judge that it has been demonstrated by clear and convincing evidence that appellant is presently unfit as a parent, and also it is in the best interest of the children to place custody with the appellee grandmother. The latter view is also the children's preference. We cannot substitute our judgment for that of the trial judge if he uses the correct standard of review and if evidence supports his finding.

Accordingly, the trial court did not err in awarding custody for a two-year period to the grandmother. We note that this holding affects only the custody of J. M. L., since R. L. L. has reached the age of 18 during the pendency of this appeal.

*Judgment affirmed. Birdsong, J., concurs. Benham, J., concurs*

*specially.*

BENHAM, Judge, concurring specially.

While I am in agreement with the judgment, I am not in agreement with the main opinion's reaffirmation of principles relating to alcoholism as evidenced by my joining the dissent in *Dan River, Inc. v. Shinall*, 186 Ga. App. 572 (367 SE2d 846) (1988). The issue of alcoholism is incidental and not determinative of the issue before us; therefore, I would not give it as much weight as the main opinion appears to do.

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989 —

*Charles L. Jurjevich, N. Lee Presson,* for appellant.
*Thomas J. Browning,* for appellees.