## A89A1843. WAFFLE HOUSE, INC. v. BOZEMAN.
(392 SE2d 48)

CARLEY, Chief Judge.

Appellee-employee suffered an on-the-job injury and began to receive workers' compensation income and rehabilitation benefits from appellant-employer. Thereafter, it was determined that appellee was addicted to certain drugs and he participated in several addiction recovery programs. On each occasion, however, he left the program without completing it. Appellant eventually sought and obtained from the Board of Workers' Compensation an order which "directed [appellee] to cooperate with medical treatment for detoxification and rehabilitation as prescribed by [his physician] and [appellant] shall be permitted to suspend benefits in the event of failure to cooperate." Subsequently, appellant made the independent determination that appellee was not cooperating in his rehabilitation treatment and was, therefore, in violation of the Board's directive. Construing the Board's directive as self-effectuating, appellant then unilaterally suspended appellee's benefits.

At appellee's request, a hearing was held to determine the propriety of appellant's unilateral suspension of his benefits. Finding that the unilateral suspension by appellant had been "unlawful," the Administrative Law Judge (ALJ) ordered the recommencement of payment of income benefits and also awarded attorney's fees to appellee pursuant to OCGA § 34-9-108 (b) (2). In addition, the ALJ "further directed [appellant] to provide detoxification care. . . ." Upon its de novo review, the Full Board adopted the award of the ALJ. On appeal to the superior court, the Full Board's award was affirmed. Appellant's application to this court for a discretionary appeal from the superior court's order was granted.

1. Appellant enumerates as error the superior court's affirmance of that portion of the Full Board's award directing that it provide appellee with detoxification care.

"Drug addiction or disabilities resulting therefrom shall *not* be deemed to be 'injury' or 'personal injury' by accident arising out of and in the course of employment *except* when such addiction was caused by the use of drugs or medicines prescribed for the treatment of the initial injury by an authorized physician." (Emphasis supplied.) OCGA § 34-9-1 (4). The award in the instant case includes no finding that appellee's drug addiction was caused by the use of drugs or medicines prescribed for the treatment of his initial compensable injury. The only finding that was made is that appellee's drug addiction had been "aggravated by the medications which were prescribed to him by the attending physicians for treatment of his compensable injuries." "It is not enough that the medication for the first injury 'worsened' an already existing addiction. . . . The legislature was

very specific in its allowance of coverage for drug addiction and that coverage cannot be expanded. [Cit.]" *Fulmer Bros. v. Kersey*, 190 Ga. App. 573, 576 (379 SE2d 607) (1989). "[I]t is clear that the legislative intent of [OCGA § 34-9-1 (4) is] to address the compensability of claims involving addiction . . . and to authorize the recovery of claims for compensation based upon drug addiction under limited circumstances." *Dan River, Inc. v. Shinall*, 186 Ga. App. 572, 574 (367 SE2d 846) (1988). Since there is no finding that those "limited circumstances" exist in the instant case, it follows that the superior court erred in affirming that portion of the award which directs appellant to provide appellee with workers' compensation benefits in the form of detoxification care.

2. Appellant enumerates as error the superior court's affirmance of the award to appellee of attorney's fees pursuant to OCGA § 34-9-108 (b) (2).

As noted, appellant's unilateral suspension of appellee's benefits was found to have been "unlawful." However, "unlawfulness" is not the correct standard for awarding attorney's fees pursuant to OCGA § 34-9-108 (b) (2). An award of attorney's fees pursuant to that statute requires a finding of non-compliance with OCGA § 34-9-221 which was "without reasonable grounds." See *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360, 361 (2) (280 SE2d 140) (1981). A non-compliance with OCGA § 34-9-221 may ultimately prove to have been "unlawful," but nevertheless have been based upon grounds which were otherwise "reasonable" at the time.

Appellant's non-compliance with OCGA § 34-9-221 was based upon its unilateral suspension of appellee's benefits, and that unilateral suspension was, in turn, based upon the Board's previous directive regarding appellee's cooperation. Appellee construed this directive as self-effectuating and, upon receipt of evidence of appellee's purported non-cooperation, it concluded that a suspension of appellee's benefits would be authorized without any further recourse to the Board. The Board's directive to appellant is reasonably construable as self-effectuating. It does not provide that, in the event of appellee's future failure to cooperate, appellant would then be entitled to seek the Board's approval of a suspension of benefits. It provides that, in such an event, appellant "shall be permitted to suspend benefits. . . ." Accordingly, it is not entirely impossible that appellant may properly have construed the Board's directive, and that it was the Board that misinterpreted its own authority by issuing a self-effectuating order of suspension of benefits. However, regardless of whether appellant misinterpreted the directive or the Board misinterpreted its authority, it is nevertheless clear that, as it was worded, the directive shows that appellant's non-compliance with OCGA § 34-9-221 was not "without reasonable grounds." "[T]here was affirmative

evidence of a reasonable ground for the employer to believe that no payment was due, and thereby to commit a technical violation of the time-frame requirements of OCGA § 34-9-221. . . . We therefore hold that the superior court [erred in affirming] the Board's award of attorney['s] fees." *Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (1) (313 SE2d 741) (1984).

3. Appellant's remaining enumeration of error is moot.

4. The superior court's affirmance of the award is reversed as to detoxification care and attorney's fees and is affirmed in all remaining respects.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 14, 1990.

*Goldner, Sommers & Scrudder, Susan V. Sommers*, for appellant.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellee.