BOOTH, Judge.
This cause is before us on appeal from an order recalculating claimant’s average weekly wage (AWW) and awarding benefits for alcohol abuse treatment. The employer and carrier (E/C) contend that: (1) the judge of compensation claims (JCC) erred by including the value of building materials taken from the job site in the calculation of claimant’s AWW; and (2) the JCC erred in awarding benefits for the treatment of claimant’s aggravated alcoholism. Finding competent, substantial evidence, we affirm without discussion the recalculation of claimant’s AWW. For the following reasons, we reverse the award of benefits related to claimant’s alcohol treatment.
Claimant suffered a work-related, low-back injury on February 5, 1987. Prior to the accident, claimant had an alcohol abuse problem, and in 1980, had been admitted to an alcohol rehabilitation clinic. In 1982, claimant was placed in “detox” and began treatment with Alcoholics Anonymous. After the 1987 accident, claimant was prescribed pain pills and muscle relaxants. Claimant’s authorized physician, Dr. Weis, testified that the work-related injury and pain medications accelerated and aggravated claimant’s alcoholism and drug dependency.
Claimant was admitted to the Bowling Green Recovery Center for his alcohol addiction and stayed for 35 days. The E/C paid benefits for this admittance. Claimant subsequently resumed his addiction with pills and alcohol. Thereafter, Dr. Weis recommended that claimant return to Bowling Green for a second visit. The E/C agreed to pay for a two-week visit. Apparently, claimant stayed for five or six weeks and, upon release, remained “straight” for seven months. Thereafter, claimant readmitted himself. Claimant testified that he has been off pain pills after this third admission. However, he still drinks and claims not to be an alcoholic.
On March 11, 1990, the JCC ordered the E/C to provide benefits for treatment of claimant’s preexisting alcoholism based upon a finding that the industrial accident “aggravated and/or made symptomatic” claimant’s preexisting alcoholism.
Determinative here is Section 440.02(1), Florida Statutes, which provides in pertinent part:
“Accident” means only an unexpected or unusual event or result, happening suddenly. A mental or nervous injury due to fright or excitement only, or disability or death due to the accidental acceleration or aggravation of a venereal disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of the employment.
Section 440.02(1), Florida Statutes, was intended to preclude recovery for alcohol and drug-related diseases, such as are sought here.[1] Therefore, the trial court’s award of alcohol abuse related benefits must be reversed.
Accordingly, we affirm the recalculation of claimant’s AWW and reverse the award of benefits related to claimant’s alcoholism.
SMITH and WIGGINTON, JJ., concur.

. See Dan River, Inc. v. Shinall, 186 Ga.App. 572, 367 S.E.2d 846 (1988), involving a similar statute, for discussion of policy involved. For an analysis of Section 440.02(1), Florida Statutes, see 1 J. Alpert, Florida Workers’ Compensation Law, § 6-13 (4th ed. 1987) ("The Legislature has determined that industry shall not bear even part of the risk of alcoholism or drug addiction.”), and 6 E. Davis, West’s Florida Practice, Workers’ Compensation § 221 (1982), which states in pertinent part:
Alcohol and drug abuse have generated prejudicial language in several parts of the Florida Act. The primary reason for this is that it has been felt that these problems are self-inflicted ones, not industrially related ones, and industry ought not to be forced to bear the results of self-inflicted injury or disease. A secondary reason is that workers’ compensation coverage does not constitute general health insurance.